HARRIETT M. LAMBERT, Respondent, v. JOHN J. DWYER, Administrator De Bonis Non, etc., of FRANK B. CROFT, Deceased, Appellant.

Fourth Department, November 7, 1935.

*Lawson Barnes*, for the appellant.

*Clarence Unckless*, for the respondent.

PER CURIAM. The defendant has moved under the provisions of sections 288 and 292 of the Civil Practice Act for an examination of the plaintiff before trial. The cause of action is based upon an alleged contract between the plaintiff and the defendant's intestate whereby, in consideration of the plaintiff agreeing that she and her husband would move their residence and that she would keep house and make a home for defendant's intestate during the remainder of his life, the defendant agreed that he would make a will leaving

all of his property to the plaintiff. The plaintiff asserts her performance of the contract and decedent's breach thereof. The defendant to whom were issued letters of administration was merely a creditor of the decedent. He states in his affidavit that he knows nothing of the alleged agreement and though he has diligently inquired, he has received no information about the contract except what is contained in the complaint in this action. This we deem a condition justifying the granting of an order for the examination of the plaintiff at the instance of the defendant despite the fact that defendant's case is necessarily entirely negative. (*Public National Bank* v. *National City Bank*, 261 N. Y. 316; *Caskie* v. *International R. Co.*, 230 App. Div. 591.) The plaintiff urges, however, that the examination should not be allowed because plaintiff as a witness at the trial on her own behalf would be incompetent to testify as to personal transactions with the defendant's intestate. (Civ. Prac. Act, § 347.) Of course the defendant might call the plaintiff as a witness, and it is the defendant who is seeking to examine. We reach the conclusion that the order should be reversed, with ten dollars costs and disbursements, and the motion granted, without costs, to allow an examination of the plaintiff on the following subjects: (1) The making of the agreement referred to in paragraph X of the complaint including all of the details of said agreement; (2) the acts of the plaintiff and her husband and Frank B. Croft, the decedent, as alleged in paragraph XI of the complaint and the full particulars thereof; (3) the doing of the things alleged in paragraph XII of the complaint; (4) the doing of the things alleged in paragraph XIII of the complaint; (5) any other conduct of the plaintiff, her husband and Frank B. Croft, the decedent, done in pursuance of the contract alleged in the complaint; (6) the nature of the board, lodging, housekeeping and furnishing of a home for Frank B. Croft, the decedent, by the plaintiff or her husband; (7) the examination allowed is strictly confined to the subjects above mentioned and does not include an examination as to how, or by what witnesses, or in what manner the plaintiff may intend, or be able to prove the allegations of the complaint.

All concur. Present — SEARS, P. J., TAYLOR, THOMPSON, CROSBY and LEWIS, JJ.

Order reversed, with ten dollars costs and disbursements, and motion granted in part, without costs.