HARVEY B. CLYNNE, Appellant, v. H. M. RUBIN CO., INC., et al., Respondents. — In an action to recover for personal injuries suffered by plaintiff, and property damage, when his automobile came into collision with a truck owned by the corporate defendant and driven by the individual defendant, there was a verdict for defendants, and plaintiff appeals. Judgment unanimously affirmed, with costs. No opinion. Present — Nolan, P. J., Carswell, Johnston, Sneed and MacCrate, JJ.

FRANK DE MONACO, Plaintiff, v. COUNTY OF NASSAU, Defendant.— Submission of controversy on an agreed statement of facts. In an action under article 7-B of the Tax Law to establish regularity of a tax sale, one of two newspapers, in printing the summons, notice and description of the property, pursuant to an order directing service of process by publication, transposed two lines of type in one issue of the publication. The defendants in the action were served by mail with the papers containing copies of the publication correctly describing the property affected. The plaintiff, a contract purchaser of land, resists defendant's title as unmarketable because of the printer's error. Judgment unanimously directed in favor of defendant, declaring that the subject title is not bad and unmarketable because of the newspaper printer's error. As agreed in the stipulation, no costs. No opinion. Present — Nolan, P. J., Carswell, Adel, Sneed and Wenzel, JJ.

MICHAEL GUTLEY, Respondent, v. HURON STEVEDORING CORPORATION, Appellant.— In an action to recover damages for personal injuries suffered by plaintiff when a lift machine, alleged to be owned and controlled by defendant, was negligently operated, causing a motor, contained in a box, which was being unloaded from a truck and onto a pallet, to fall on plaintiff's hand, plaintiff moved to examine defendant before trial, by a person having knowledge of the facts, as to ownership and control, and as to the facts and circumstances relevant to the accident. Defendant opposed the examination with respect to the facts and circumstances, on the ground that the person having knowledge of the facts had terminated his employment more than two years ago, and that there is no one in the employ of defendant who is familiar with the facts. The Special Term granted the motion and stated: " If defendant now has no such person in its employ it will so state on the examination and furnish the name and address of the former employee in order that plaintiff may move to examine him as a witness." Order affirmed, with $10 costs and disbursements, the examination to proceed on five days' notice. No opinion. Nolan — P. J., Carswell, Johnston, Sneed and MacCrate, JJ., concur.