WILLIAM C. LOWE, Plaintiff, v. CHARLES E. BACON et al., Defendants.

Supreme Court, Special Term, Onondaga County, March 27, 1952.

*Louis A. Young* for plaintiff.

*Lewis C. Ryan* for Allyn and Bacon, Inc., and another, defendants.

SEARL, J. The motion is made for an order dismissing a notice of examination of plaintiff before trial. The cross motion asks an order requiring plaintiff to produce upon the examination, pursuant to the provisions of section 296 of the Civil Practice Act, correspondence, memoranda, contracts, etc.

For a proper understanding, it will be necessary to refer briefly to the facts. The complaint in the action alleges the plaintiff was first employed by the firm of Allyn and Bacon, a copartnership, to sell school textbooks; that thereafter the defendant, Charles E. Bacon, agreed to and with the plaintiff that if the plaintiff would promise to refrain from leaving the employ of said firm for the balance of plaintiff's life, the firm would retain plaintiff as an employee for the balance of his life; that on or about December 28, 1950, at the request of defendant, Charles E. Bacon, on behalf of the firm, this agreement was reduced to and fixed at $100 per month salary, or pension, to commence three days thereafter, on January 1, 1951, upon an inactive, or retirement, basis. Plaintiff claims he was paid for the months of January, February, March and April, 1951. On or about April 1, 1951, the complaint states Allyn and Bacon, Inc., was incorporated. It is alleged this corporation acquired all assets and liabilities of the firm, including the aforesaid employment contract. Further, the complaint alleges the defendant, Prentice-Hall, Inc., owns and controls Allyn and Bacon and has assumed and adopted this employment contract made between plaintiff and the partnership.

The complaint further alleges all the named defendants have failed to pay plaintiff for the months of May to November, 1951, and demand is made for judgment in the sum of $700.

Defendants Allyn and Bacon, Inc., and Prentice-Hall, Inc., in their answers admit that the corporation Allyn and Bacon, Inc., is a subsidiary of and operates under the general supervision of defendant Prentice-Hall, Inc. They specifically deny that either Allyn and Bacon, Inc., or Prentice-Hall, Inc., ever acquired all the assets and assumed all the liabilities of the copartnership.

The moving affidavit of John G. Powers, vice-president of both Allyn and Bacon, Inc., and Prentice-Hall, Inc., sets forth that plaintiff seeks to hold both corporations on the theory that Allyn and Bacon, Inc., incorporated on or about April 1, 1951, paid $100 to plaintiff for the month of April, 1951. The affidavit further shows that the defendant Charles E. Bacon was the sole surviving partner of Allyn and Bacon, when the corporation was organized, that Charles E. Bacon is a resident of Massachusetts and has never been served as a defendant, and is without the jurisdiction of this court. The affidavit shows that Allyn and Bacon, Inc., bought the business and most of the assets of the partnership on April 12, 1951, and assumed some of the liabilities; others it did not; that it did not assume any employment contract. The affidavit further shows that Charles E. Bacon, as sole surviving partner, represented to Allyn and Bacon, Inc., that the firm was not obligated by assumption, assignment or otherwise on any contract or commitment of an unusual nature, or employment contract.

Plaintiff says that this is not true; that plaintiff has a binding contract to be paid $100 a month for the rest of his life. Defendants claim they have attempted to " vouch in " the firm of Allyn and Bacon and Charles E. Bacon, who resides in Boston, but the latter has refused to appear.

Thus these defendants very properly say they find themselves surrounded with the only opening, the chance to examine the plaintiff as to matters that are material and necessary. If special circumstances ever existed, it would appear they existed here.

True, our courts have generally held that an examination of a plaintiff can only rarely be allowed on the theory that the burden of proof rests on the plaintiff. That is the only ground on which plaintiff seeks to vacate the application. We may, therefore, properly confine our consideration to this particular phase of the issue.

In 1948, Presiding Justice PECK, writing in *Dorros, Inc.,* v. *Dorros Bros.* (274 App. Div. 11 [1st Dept.]), considered the question as to whether an examination should be allowed to one having the negative of an issue. After referring to the fact that section 288 of the Civil Practice Act relates to the fact that a deposition may be had, before trial, as to testimony that is *material* and *necessary,* without reference to burden of proof, the court said (p. 13): " The negative in preparing for trial must be ready on trial day to meet the issue. Thus, little or

no difference exists in the necessity of eliciting material evidence.''

In defining actual necessity the court held that actual necessity will likely be wholly unrelated to the burden of proof, and that there is so much merit in a disclosure of the facts in advance of trial that such examination should be allowed when legitimately sought. The court also refers to the rule recently adopted in Federal courts; that whereas it formerly was most strict, it has since been changed to allow liberally for examinations as to both plaintiff and defendant.

A glance at the 1951 Annual Report of the Judicial Council is illuminating, so far as the tendency to liberality is concerned. The report recommends revised procedure to '' permit either party to take a *bona fide* examination of the other party as of right on any matters relevant to the issues.'' The council further '' recommends abolition of the general restriction which prohibits a party from examining before trial an adverse party except when the party seeking to examine has the burden of proof under the pleadings.'' (Seventeenth Annual Report of N. Y. Judicial Council, 1951, pp. 67, 68.)

It is sufficient, on the present application, to find the testimony is both material and necessary. A more trying situation would be hard to find, where the alleged promisor is without the jurisdiction of the court and will not appear and the alleged promisee is seeking recovery. It leaves these defendants in total darkness. The facts in *Lambert* v. *Dwyer* (245 App. Div. 553 [4th Dept.]) are most similar. An examination was there allowed as to certain restricted questions.

In the instant case an order may enter denying plaintiff's application for an order dismissing the notice of examination of the plaintiff before trial and directing plaintiff to appear before Arnold A. Dettor, a notary public, at 800 Hills Building, Montgomery Street, city of Syracuse, county of Onondaga, State of New York, on Monday, April 14, 1952, at 3:00 o'clock in the afternoon of that day to give testimony on the matters referred to in the notice.

As to the counter motion, to prevent a duplication of effort, an order may enter requiring plaintiff to produce at the time and place aforesaid, and on all subsequent adjournments of the examination, if any, all correspondence, memoranda, contracts, and all other documents, books, records and papers referred to in said notice of examination before trial, for the purpose of offering the same in evidence.