■ IRENE MILBERG, as Administratrix of the Estate of LENA KASTLE, Deceased, Respondent, v. WILLIAM LEHRICH, Individually and Doing Business as PARKWAY NURSING HOME, et al., Appellants.— In an action to recover damages for wrongful death and for conscious pain and suffering, the appeals are from an order dated April 25, 1956, insofar as it requires appellants to produce certain documents and records at an examination before trial and from an order dated June 22, 1956, directing them to furnish to the attorney for the respondent the "last known name and address" of a former employee of the appellants, who was present and on duty at the nursing home at the time of the accident complained of. Order dated April 25, 1956 modified by striking from the third ordering paragraph the words "death register" and "non medical record". As so modified, order, insofar as appealed from, affirmed, without costs. There is no showing that these records are material to the issues on which the examination is to be had. Order dated June 22, 1956, affirmed, with $10 costs and disbursements. Although a party will not as a general rule be compelled to disclose the names of the witnesses by whom he intends to prove his case (*Lambert* v. *Dwyer*, 245 App. Div. 553; *Martyn* v. *Braun*, 270 App. Div. 768), the rule has its exceptions. One of them is that a party is entitled to be informed as to the identity of the witness employed by his adversary if the witness participated in, or was responsible for, the accident complained of. (*Morris* v. *E. A. Laboratories, Inc.*, 263 App. Div. 540; *Gutley* v. *Huron Stevedoring Corp.*, 274 App. Div. 1061.) On consideration of the record we are of the opinion that the witness, whose identity appellants have been directed to disclose, falls within that category. Nolan, P. J., Wenzel, Ughetta, Hallinan and Kleinfeld, JJ., concur.

■ ANNA NAPPI, as Administratrix of the Estate of AUGUST NAPPI, Deceased, Respondent, v. BUSH TERMINAL BUILDING Co., Appellant, et al., Defendant.— In an action to recover damages for wrongful death and for conscious pain and suffering, the appeal is from an order granting respondent's motion to vacate an order precluding her from giving any evidence upon the trial of the action with respect to matters as to which the appellant had demanded a bill of particulars and directing her to furnish the particulars and hospital records. Order reversed, with $10 costs and disbursements, and motion denied, with $10 costs. The preclusion order was made on consent and by its terms was conditioned on respondent's failure to serve the bill of particulars within 60 days after service of the order. The motion to vacate the order was not made until about 2 years after the making of the order, about 2½ years after the service of appellant's demand for the particulars, more than 4 years after the happening of the accident, and after appellant had made its second motion to dismiss the action for lack of prosecution. The only excuse proffered for having failed to serve the bill of particulars was the claimed refusal or failure by a certain hospital and a certain physician to comply with requests of respondent's attorneys to supply information as to the intestate's injuries. The demand for the particulars requested many items of information other than the matter of injuries, and the delay constituted gross laches and inexcusable disregard of the condition of the precluding order (cf. *Schmitt* v. *Pietrangelo*, 285 App. Div. 1058; *Mead* v. *Consolidated Metal Spinning & Stamping Co.*, 208 App. Div. 814). Under the circumstances, the granting of the motion was an improvident exercise of discretion. Nolan, P. J., Wenzel, Beldock, Murphy and Hallinan, JJ., concur.