John J. Walsh, J.
The above-entitled action was commenced by the service of a summons dated March 30, 1956.
Sometime thereafter, another action was brought in the City Court of Rome, Oneida County, New York wherein Jules *562 Valestian, defendant herein was plaintiff and Kenneth Molampy, the plaintiff herein was defendant.
Meanwhile by inadvertence, a note of issue in the present action was filed in the Supreme Court, Oneida County and the case appeared on the Supreme Court Calendar regularly commencing with the May 1957 Term through the January Term of 1958.
On November 29, 1957, all parties, still under the mistaken assumption that the present case was properly on the Supreme Court Calendar stipulated to remove the companion case then pending in the Borne City Court to be tried jointly with that case and an order to that effect was entered by the Justice of the Supreme Court based upon the stipulation.
On December 31, 1957 the action was stricken from the Supreme Court Calendar pursuant to subdivision C of the Special Buies Bespecting Calendar Practice adopted by the Appellate Division, Fourth Department, and effective December 19, 1957 since no certificate of readiness had been filed.
One year later, the action was deemed abandoned under subdivision 2 of rule 302 of the Buies of Civil Practice.
Thereafter, and in the month of October, 1958, plaintiff filed a note of issue for County Court and the case has appeared on the calendar of this court on the November, 1958, February, April, June and September, 1959 Calendars. The issue of whether the case was properly on the calendar was first raised by the defendant at the June Term and a motion made to strike the cause of action at the September Term.
Defendant contends that the action of the Supreme Court in deeming the action abandoned therein forecloses plaintiff from placing the cause on the County Court Calendar. This does not necessarily follow.
A note of issue filed in a court in which the action is not pending is a nullity and confers no jurisdiction upon the court.
The sole purpose of a note of issue is to place the case upon the calendar for trial and to give notice to the other party of the imminent trial of the issue (Civ. Prac. Act, § 433; Buies Civ. Prac., rule 150).
Since the cause of action was pending in the County Court which had jurisdiction and not in the Supreme Court, neither the action of the Supreme Court in (1) placing the case on the calendar of that court, (2) in ordering even by stipulation of the parties a removal and a consolidation of this action with another pending in another court, or (3) in deeming this action abandoned can affect this action which has not been dismissed by any action of the County Court.
*563 The power to remove is statutory and is not inherent even in a court of original jurisdiction. (Blumenthal & Co. v. Tiedemann, 118 Misc. 560.)
Section 97 of the Civil Practice Act permits the Supreme Court where an action is pending therein to remove and consolidate with it, another action pending in another court. It likewise permits the County Court where an action is pending therein to remove and consolidate with it, another action pending in a City, Municipal, District or Justice Court in the same 'county.
There seems to be no power in the Supreme Court, either statutory or inherent, to consolidate and remove actions pending in different courts of inferior jurisdiction where neither of these actions is pending in the Supreme Court. (Matter of Comfort-Zone Corp., 140 N. Y. S. 2d 76, 77 [1955].)
Motion is denied.