Mario Pittoni, J.
Plaintiffs’ motion for an order to compel defendant to complete an examination before trial by supplying the addresses of two former employees is granted as to Gary Cina, and is denied as to Bob Rommel. The motion for an examination before trial of Gary Cina is also granted; the examination shall proceed on five days’ notice.
This is an action to recover for personal injuries allegedly sustained by the infant plaintiff in defendant’s store, when defendant’s employee struck the plaintiff with a hand cart that he was pushing.
The motion in respect to Gary Cina comes within the exception to the general rule that a party may not be compelled to disclose the names of his witnesses. ‘ ‘ A party is entitled to be informed as to the identity of the witness employed by his adversary if the witness participated in, or was responsible for, the accident complained of. (Morris v. E. A. Laboratories, Inc., 263 App. Div. 540; Gutley v. Huron Stevedoring Corp., 274 App. Div. 1061.) ” (Milberg v. Lehrich, 2 A D 2d 861 [2d Dept.].) Therefore, the motion in respect to Gary Cina is granted.
A former employee who participated in the matter at issue is also subject to an examination before trial, as that constitutes special circumstances permitting the examination of a witness before trial (cf. Horowitz v. Alley Pond Park Apts., 2 A D 2d 763 [2d Dept.]). However, the former employee, Bob Rommel, did not participate in or cause the accident. He was merely the clerk who reported the accident to the store manager. Therefore, the motion as to former employee Rommel is denied.