Richard J. Cardamone, J.
This is a motion to compel disclosure of the name of a witness riding as a passenger in one of the automobiles involved in a three-car accident which occurred on December 31,1963, in Onondaga County.
All of these actions are currently pending in the Supreme Court of Onondaga County, New York. During the course of an examination before trial, on April 13, 1965, counsel for the defendant Eason asked defendant Fralick the name of the passenger in the Fralick automobile. After defendant Fralick had admitted that he had a passenger in his car he was then asked the passenger’s name. At that point Fralick’s attorney objected to the form of the question and directed his client not to answer. Defendant Fralick urges upon the court that the name and address of the passenger in his vehicle has not been *376 shown to be material and necessary by defendant Eason and that the information sought is in the nature of a ‘ ‘ fishing expedition”. He also urges that the names and addresses of possible witnesses should be protected as ‘1 material prepared for litigation” under CPLR 3101 (subd. [d]).
This is not a question which could be properly called a ‘ ‘ fishing-expedition ” nor is it “ material prepared for litigation ” since the passenger’s presence in the automobile was not in any way part of the preparation for the trial of the action. The testimony of a passenger in an automobile is material and necessary and the purpose of the question could not be construed to be merely for the purpose of gaining information as to who might be called as a witness. Rios v. Donovan (21 A D 2d 409 [First Dept., 1964]) involves an application for a protective order after a notice of discovery and inspection was served wherein one of the items sought in the notice was the names and addresses of persons present. The Appellate Division, First Department, in that case stated at pages 41-U415 that the “ proper procedure would be to make inquiry as to the persons present at the time of the accident during the course of taking the oral depositions of the party * * * as to the event itself”. This is the exact procedure which defendant Eason attempted to follow.
Under the -circumstances of this case, the passenger in the Fralick vehicle was a person present at a critical moment and participated in the event itself, thus, his name and address should be furnished. (Pistana v. Pangburn, 2 A D 2d 643 [Third Dept., 1956].) It is of no moment that the request is made by a codefendant rather than by the plaintiff. (Buckwalter v. Food Fair Stores, 29 Misc 2d 93 [Supreme Ct., Nassau County, 1961]; 3 Weinstein-Korn-Miller, N. Y. Civ Prac., par. 3101.11; Morris v. E. A. Laboratories, Inc., 263 App. Div. 540 [Second Dept., 1942]; Gutley v. Huron Stevedoring Corp., 274 App. Div. 1061 [Second Dept., 1949]; Milberg v. Lehrich, 2 A D 2d 861 [Second Dept., 1956]; see Giamberdino v. Mileo, 10 A D 2d 814 [Fourth Dept., 1960] [dissenting- opinion].)