LEO O'DEA, as Guardian ad Litem of GREGORY O'DEA, an Infant, et al., Respondents, *v.* CITY OF ALBANY, Appellant.

Third Department, December 22, 1966.

*Towner, Erway & Lyons (James B. Canfield* of counsel), for appellant.

*Scheiberling, Rogan & Maney* for respondents.

BRINK, J. This is an appeal from an order of Special Term denying defendant's motion to compel the infant plaintiff to disclose the name of a witness on an examination before trial.

The infant plaintiff, while at a playground located in the City of Albany, was struck in the back of the head by a portion of a maypole which the boy behind him was swinging on. The portion of the equipment held by the other boy apparently hit the infant plaintiff after the boy let go of it.

On the examination before trial, the plaintiff was asked the name of the other boy and, on advice of counsel, refused to answer the question.

The appellate courts of this State have generally denied pretrial discovery of witnesses. However, even before the enactment of the CPLR, exceptions to the general rule have been permitted. In one class of cases when no current employee could testify, the names of former employees who actually participated in the event were made available. (*Milberg* v. *Lehrich,* 2 A D 2d 861; *Gutley* v. *Huron Stevedoring Corp.,* 274 App. Div. 1061; *Morris* v. *E. A. Labs., Inc.,* 263 App. Div. 540.)

In the case of *Pistana* v. *Pangburn* (2 A D 2d 643), decided in this Department, another exception was established. In that case, the plaintiff was permitted to inquire as to the name of a bystander who became an active participant in the event when he went into the water to rescue a girl from drowning. In that case the court stated: '' We think it fits within the area of examination before trial of the event itself ''. It cannot be said that this type of disclosure has been further limited under the CPLR (*Rios* v. *Donovan,* 21 A D 2d 409, 414).

When the witness, whose name is sought, is an active participant in the incident upon which the litigation is based, the wit-

ness is so closely related to the accident that his testimony becomes essential in establishing the happening of the accident. Under these circumstances, the identity of such a witness should fall within the scope of permissible discovery on an examination before trial.

The order should be reversed, on the law, and the motion granted.

GIBSON, P. J., HERLIHY and REYNOLDS, JJ., concur.

Order reversed, on the law, without costs, and motion granted.