Richard J. Cardamohe, J.
The defendant corporation has made a motion to compel the plaintiff to furnish the names of witnesses and tax returns. The plaintiff has made a cross motion for a protective order pursuant to CPLR 3122.
On December 17, 1965, the plaintiff, John Holihan, the owner and operator of an electrical appliances service in Weedsport, Cayuga County, New York, was demonstrating the Regina Electrikbroom when he claims that his 1 ‘ fingers were caught, pulled and drawn between the swiftly revolving metal blades of the fan housing of the electrikbroom resulting in injuries and damages to the plaintiff ”. The defendant is the distributor of the said Regina Electrikbroom. Part of the plaintiff’s damages claimed, in the amount of $30,000, is alleged to be a loss of earnings.
At the time the plaintiff was injured he was demonstrating the Electrikbroom to a man and his wife, customers, who were present in the store at the time when this incident occurred. At the examination before trial, upon advice of his counsel, the plaintiff refused to divulge the names of these two customers. Subsequently, the defendant served a notice upon the plaintiff to obtain a discovery and inspection of the plaintiff’s income tax returns for the years 1963 through 1966. The plaintiff, by his attorney’s affidavit, states that the note of issue in this case was filed on March 30,1967, and that the notice for discovery and inspection was not made until April 21,1967; that no motion was made by the defendant to strike the note of issue which contained a statement of readiness, indicating that the case was in all respects ready to be tried. Chronologically, the accident happened on December 17, 1965. The plaintiff served a bill of particulars on February 17, 1967. An examination before trial was held on March 15, 1967. The note of issue was filed March 30, 1967 in the Onondaga County Clerk’s office. Service of the note of issue was made on the attorneys for the defendant on March 29,1967.
The broad disclosure procedures permitted under article 31 of the CPLR are limited by the Special Rule Respecting Calen *266 dar Practice of the Appellate Division, Fourth Department, which pertains to the filing of a statement of readiness (adopted effective July 1, 1957) filed with a note of issue in the Clerk’s office indicating that all proper proceedings permitted by the provisions of the Civil Practice Act and the CPLR (predecessor to article 31 of the CPLR) have been completed and that any party may move to strike the case from the calendar within 20 days after filing of the note of issue and statement of readiness upon filing an affidavit indicating in what respect the ease is not ready for trial. Unless a party moves within this 20-day period, he is deemed to have assented to the statements contained in the statement of readiness and to have waived his right to pursue any further disclosure devices. (Cerrone v. S’Doia, 11 A D 2d 350, 352 [4th Dept., 1960]; Price v. Brody, 7 A D 2d 204 [1st Dept., 1959].) While Gerrone and Price were both decided prior to the adoption of the CPLR, the readiness rule which applied in both departments (First & Fourth) has not been abrogated by the adoption of article 31 of the CPLR. Absent an explanation or special, unusual or extraordinary circumstances, discovery will not be permitted after the 20-day period following the filing of a note of issue and the statement of readiness. (Andresen v. Buffalo Tr. Co., 23 A D 2d 813 [4th Dept., 1965]; Schweigard v. Consolidated Edison Co. of N. Y., 23 A D 2d 649, 650 [1st Dept., 1965].)
Here, however, it appears that the summons and complaint, the answer, the demand for a bill of particulars, the bill of particulars, the notice of motion and the other pleadings and papers in this matter lay its venue in Cayuga County, the plaintiff’s place of residence. However, the note of issue was filed by the plaintiff’s attorney in Onondaga County. The defendant’s attorney upon the oral argument of this motion stated that upon receipt of this note of issue and statement of readiness, indicating that this matter had been noticed for trial in Onondaga County, he endeavored to reach the plaintiff’s attorney since an examination of the defendant’s file indicated that this matter should properly be noticed in Cayuga County. The defendant’s attorney further stated that he had not obtained the transcript of the examination before trial held on March 15, 1967 when he received the filed copy of the note of issue from the plaintiff’s attorney. The notice of motion under article 31 was served approximately three weeks from the time when the defendant’s attorney received this allegedly defective note of issue. Such circumstances are unusual and might well serve to cause the court to invoke its discretionary power permitting disclosure proceedings subsequent to the 20-day period, par *267 ticularly where, as it clearly appears here, the defendant was not guilty of any laches; nor has any prejudice been shown to the plaintiff.
The plaintiff’s error in filing of the note of issue and statement of readiness in an improper county does not commence the running of the 20-day period against the other party to the proceeding. OPLR 3402 (subd. [a]) provides that at any time after issue is first joined, 11 any party may place a case upon the calendar ”. Calendar clearly must mean the calendar appropriate to the court in which the venue of the action has been laid. A note of issue filed in a county other than that in which the venue has been laid is a nullity. (Molampy v. Valestian, 20 Misc 2d 561 [1959].) To preclude the defendant from obtaining discovery and disclosure as a result of this improper filing would prejudice a substantial right of the defendant. Accordingly, it cannot be used to defeat the defendant’s rights to obtain disclosure.
Turning now to the merits of the defendant’s requests, with respect to obtaining the names of witnesses, the defendant is entitled to the names of the man and wife who were present at the time when the alleged accident occurred. (Rios v. Donovan, 21 A D 2d 409 [1st Dept., 1964].) Where a bystander becomes an active participant in the event by going into the water to rescue a girl from drowning, his name may be obtained. (Pistana v. Pangburn, 2 A D 2d 643 [3d Dept., 1956].) The name of a boy holding playground equipment who let go of it and injured the plaintiff may be obtained. (O’Dea v. City of Albany, 27 A D 2d 11 [3d Dept., 1966].) The name of a passenger riding in an automobile involved in an accident may be obtained. (Spano v. Fralich, 48 Misc 2d 375 [Onondaga County, Sup. Ct., 1965].) Here the witnesses whose names are sought, were not merely casual bystanders but the demonstration which the plaintiff claims prompted his injuries was being put on in their behalf. They are thus witnesses to this event and might be deemed to be participants in the demonstration. (Rivera v. Stewart, 51 Misc 2d 647 [Sup. Ct., Monroe County, 1966].)
With respect to the tax returns, the plaintiff is claiming a loss of earnings and it appears affirmatively in the examination before trial that he is a self-employed person who has no other sources of income. His tax returns for the years 1964, the year preceding; 1965, the year of; and 1966, the year following the accident, are relevant, material and necessary on the issue of his earnings loss arising as a result of this injury. (Rosenblum v. Rosenblum, 21 A D 2d 682 [2d Dept., 1964]; Elmer v. Byrd, 16 A D 2d 744 [4th Dept., 1962].)