OPINION OF THE COURT
Bentley Kassal, J.
issue
Defendant seeks the name and address of each of plaintiffs’ expert witnesses who will testify at trial on the issue as to whether a certain product, manufactured by defendant and used by the infant’s parents, caused certain birth defects.
DECISION
Neither party cites a decision on "all fours”. Since CPLR *869 3101 (subd [d], par 1) states that an expert opinion, prepared for litigation is not discoverable, absent exceptional circumstances, the question becomes whether the name of an expert to be used is discoverable, although his opinion is exempt.
Allen v Crowell-Collier Pub. Co. (21 NY2d 403), cited by both parties, does stand for the proposition that the terms "material and necessary” should be broadly interpreted to permit liberal disclosure. The other cases presented for consideration do not resolve this issue since they deal only with the discoverability of expert reports.
The witnesses whose names defendant seeks were not witness to the occurrence, but have been called in for litigation purposes only and it is clear that there is no obligation on the part of the plaintiffs to such witnesses at trial.
Furthermore, upon the argument of this motion, defendant’s counsel states that the purpose for obtaining such information is that there be adequate opportunity for preparation for impeachment of the experts. Clearly, the purpose of disclosure is not to compel a party to disclose the array of witnesses whose identity and testimony do not have to be disclosed, or to require that they be "locked in” to use these experts. As a matter of fact, if the court were to direct the disclosure of the names of these experts, it is quite conceivable that for whatever the reason, good or bad, the party might determine prior to trial to use a different expert to establish the same testimony. If a continuing obligation were imposed to communicate the names of such experts, the inevitable question arises as to what penalty could be properly imposed for not calling such experts and/or not communicating the name of the successor expert.
It is not the purpose of disclosure that a party lay bare all of the elements pertaining to the manner in which he intends to prove his case. This case hinges upon scientific opinions with respect to a product and the defendant will present its own expert witnesses that are qualified to judge the credentials and ability of plaintiff’s expert at that time. There is no authority for nor is there any logical purpose in requiring that this be disclosed prior to the time that they actually take the stand.
Accordingly, plaintiffs’ motion to strike this supplemental interrogatory seeking the name and address of plaintiffs’ expert witness is granted.