■ MARGARET M. HENNESSY et al., Respondents, v ANDREW R. BENEROFE et al., Appellants.—Appeal from an order of the Supreme Court at Special Term, entered January 26, 1977 in Schenectady County, which granted plaintiffs' motion for a protective order vacating defendants' notice to produce names and addresses of witnesses. This is an action for personal injuries arising from alleged negligence and breach of warranties when plaintiff, Margaret M. Hennessy, tripped and fell on premises owned by defendants. The action was commenced in November, 1976, and issue was joined by service of the answer on December 13, 1976. The notice to produce names and addresses of all witnesses was annexed to the answer (CPLR 3101, subd [a]). The notice sought the names of witnesses who might testify as to: "(a) The occurrence alleged in the complaint; or (b) Any acts, omissions or conditions which allegedly caused the occurrence alleged in the complaint; or (c) Any actual notice allegedly given to the defendant(s) answering herein of any condition which allegedly caused the occurrence alleged in the complaint; or (d) The nature and duration of any alleged

condition which allegedly caused the occurrence alleged in the complaint." It has been held that a party is entitled to the name of an "active participant in the incident" *(O'Dea v City of Albany,* 27 AD2d 1112) and also the names of eyewitnesses to the accident who are not strictly active participants *(Zellman v Metropolitan Transp. Auth.,* 40 AD2d 248; *Gates v Baker,* 74 Misc 2d 891; *Neal v Spence,* 53 Misc 2d 518). Therefore, the names of witnesses to the occurrence should be supplied to the defendants. The request for names of potential witnesses as to condition and notice by the defendants was properly denied. The party seeking disclosure of the identity of such "notice" witnesses is not seeking facts relating to the occurrence but, instead, is trying to determine the evidence that plaintiffs will introduce to prove their action by acquiring the names of witnesses to a condition that defendants' opponent has discovered through investigation. The argument that the identity of a "notice" witness is the work product of the attorney or material prepared for litigation is valid and the identity of such "notice" witnesses should be protected. Particularly is this true when the place involved in the accident was under the control and care of the defendants. "The thrust of the rule requiring the disclosure of witnesses to an event is to make the existence of eyewitnesses equally known to both sides. * * * This does not extend to a party having to absolutely determine and disclose his total trial strategy upon the submission of a bill of particulars by determining and disclosing each and every witness whom he may call on a multiplicity of issues which do not involve eyewitness to any occurrence or event. Such a rule would unduly restrict the flexibility of counsel in the preparation in trial of matters." *(Matter of Zalaznick,* 86 Misc 2d 190.) One party should not be permitted to obtain results of the labor of the other party by simply serving a notice to discover *(Varner v Winfield,* 33 AD2d 807). Order modified, on the law and the facts, by directing plaintiffs to provide the names and addresses of witnesses to the occurrence to the defendants, and, as so modified, affirmed, without costs. Mahoney, P. J., Kane, Staley, Jr., and Larkin, JJ., concur; Mikoll, J., dissents and votes to reverse in the following memorandum. Mikoll, J. (dissenting). I respectfully dissent. CPLR 3101 calls for a full disclosure of all evidence material and necessary in the prosecution or defense of an action, regardless of the burden of proof. I perceive no difference in a theory that allows discovery of the identity of eyewitnesses to an event and one that permits discovery of the identity of witnesses who would testify to the notice and existence of a defective condition which was the competent producing cause of an accident. All witnesses to the event itself should be discoverable. Discovery should encompass all those who have witnessed at firsthand any element that reflects on liability. The plaintiff bases his complaint on the theory that the defendant had constructive notice of a defective condition on the premises which caused her fall. To deny production of "notice" witnesses hinders the achievement of a just result and violates the spirit and intent of CPLR 3101 *(Zayas v Morales,* 45 AD2d 610). Accordingly, the order appealed from which denied discovery of the names of the witnesses to the event, to the condition and to the notice of condition should be reversed.