Eva Hoffman, Respondent, v Ro-San Manor et al., Appellants, et al., Defendants.

First Department, March 18, 1980

**APPEARANCES OF COUNSEL**

*Nathan Cyperstein* of counsel *(Alvin P. Bluthman* with him

on the brief; *Gantman, Cyperstein & Peckman,* attorneys), for appellants.

*Janice Goodman* for respondent.

### OPINION OF THE COURT

SULLIVAN, J.

The sole issue presented is whether a party in a negligence action is entitled to disclosure of the names and addresses of witnesses other than eyewitnesses to the accident. In keeping with the trend towards greater liberality of disclosure, we hold that the names and addresses of potential witnesses who can testify to notice and the condition of which plaintiff complains are also discoverable.

In her complaint plaintiff, a tenant in an apartment house, charges defendants, the owners and managing agent, with failing to secure the premises and to provide for her safety in that they permitted unauthorized access to the building, as a consequence of which an unidentified third party raped, robbed and sodomized her, and held her captive at knifepoint for two hours. Plaintiff alleges that she sustained serious physical injury and continues to suffer emotional distress.

Defendant served a notice to produce name and addresses of witnesses, calling for identification of witnesses to:

(a) The occurrence alleged in the complaint; or

(b) Any acts, omissions or conditions which allegedly caused the occurrence alleged in the complaint; or

(c) Any actual notice allegedly given to the defendants answering herein of any condition which allegedly caused the occurrence alleged in the complaint; or

(d) The nature and duration of any alleged condition which allegedly caused the occurrence alleged in the complaint.

Plaintiff responded by stating that she was unaware of the existence of any witnesses to the crimes or of any person who saw the doorman allow the unidentified third person into the premises, but that if her investigation revealed such a person defendants would be notified. Plaintiff refused to comply with the requests made in paragraphs (b), (c) and (d) on the ground that defendants were entitled to the names and addresses of witnesses to the actual incident, but not to the names and addresses of all witnesses who might ultimately testify at trial.

Subsequently, defendants moved for an order compelling plaintiff to make a proper response to the notice to produce. Special Term denied the motion and this appeal followed.

Prior to the enactment of the Civil Practice Law and Rules requests for disclosure of the names of possible witnesses, whether by discovery or examination before trial, had generally been denied. (See *Kosiur v Standard-North Buffalo Foundries,* 255 App Div 930; *Martyn v Braun,* 270 App Div 768; *Gavin v New York Contr. Co.,* 122 App Div 643.) An exception was recognized if a witness was also an active participant, in which event his name and address were discoverable. *(Pistana v Pangburn,* 2 AD2d 643; *Milberg v Lehrich,* 2 AD2d 861.) The rationale for this exception was that the witness was "so closely related to the accident that his testimony [became] essential in establishing the happening of the accident." *(O'Dea v City of Albany,* 27 AD2d 11, 12-13.)

The enactment in 1962 of the Civil Practice Law and Rules foreshadowed an even greater access to discovery of the names and addresses of witnesses: "There shall be full disclosure of all evidence material and necessary in the prosecution or defense of an action, regardless of the burden of proof". (CPLR 3101, subd [a].) Such disclosure is subject to the protections afforded within CPLR 3101 to privileged matter (subd [b]), attorney's work product (subd [c]), and material prepared for litigation (subd [d]). The trend since has been, however, toward a more expansive application. (See 3A Weinstein-Korn-Miller, NY Civ Prac, par 3101.11.) For instance, the Court of Appeals, when faced with the more general question of the materiality of certain interrogatories, stated: "The words, 'material and necessary', are, in our view, to be interpreted liberally to require disclosure, upon request, of any facts bearing on the controversy which will assist preparation for trial by sharpening the issues and reducing delay and prolixity. The test is one of usefulness and reason. CPLR 3101 (subd. [a]) should be construed, as the leading text on practice puts it, to permit discovery of testimony 'which is sufficiently related to the issues in litigation to make the effort to obtain it in preparation for trial reasonable.' [Citation omitted.]" *(Allen v Crowell-Collier Pub. Co.,* 21 NY2d 403, 406-407.)

In determining whether names of witnesses to an event were discoverable, this court, in *Rios v Donovan* (21 AD2d 409, 414-415) noted the trend toward greater disclosure and held that "the proper procedure would be to make inquiry as to the

persons present at the time of the accident during the course of taking the oral depositions of the party or a witness pursuant to 3107 Civil Practice Law and Rules". Eventually, this view was adopted by the Second Department, which reviewed its holding in *Varner v Winfield* (33 AD2d 807) that the names of witnesses constituted material prepared for litigation, and decided that "the names of eyewitnesses to the occurrence, even if obtained by investigation made after the occurrence, are discoverable if they are material and necessary to the prosecution or defense of the action." *(Zellman v Metropolitan Transp. Auth.,* 40 AD2d 248, 251.)

Inevitably, the courts were confronted with the discoverability of the identity of witnesses other than eyewitnesses to the accident. The response had not been uniform. When presented with the question, the Second Department held that the names and addresses of persons who would be called to testify to the inoperability of a traffic light were discoverable, finding that in theory no difference existed "between discoverability of the identity of an eyewitness to an accident and the identity of a witness who would testify to the existence of a defective condition which was allegedly the competent producing cause of an accident." *(Zayas v Morales,* 45 AD2d 610, 612.)* On the other hand, the Third Department subsequently rejected such reasoning and noted "[t]he argument that the identity of a 'notice' witness is the work product of the attorney or material prepared for litigation is valid and the identity of such 'notice' witnesses should be protected." *(Hennessy v Benerofe,* 63 AD2d 779, 780.) To date the issue has not arisen in this court.

Plaintiff challenges neither the materiality nor the necessity of production of the names sought. Instead she relies on the exemptions contained in the statute, claiming that the information is protected as either attorney's work product (CPLR 3101, subd [c]) or material prepared for litigation (CPLR 3101, subd [d]). Consequently, we must determine only whether the names are protected, for "if the information sought is in fact privileged, it is not subject to disclosure no matter how strong the showing of need or relevancy." *(Cirale v 80 Pine St. Corp.,* 35 NY2d 113, 117, citing CPLR 3101, subd [b]; also Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR 3101, p 29.) If materiality and necessity were also contested, we would, however, conclude that the

names of witnesses are essential to a judicious resolution of this controversy.

Plaintiff apparently confuses work product with material prepared for litigation. Under CPLR 3101 they are not synonymous. The immunity which attaches to work product under subdivision (c) is absolute, while the immunity conferred on litigation material under subdivision (d) is conditional.[1]

The discovery of witnesses, even though the result of the attorney's zeal and investigative efforts, does not qualify as an attorney's work product under subdivision (c).[2] Not every manifestation of a lawyer's labors enjoys the absolute immunity of work product. The exemption should be limited to those materials which are uniquely the product of a lawyer's learning and professional skills, such as materials which reflect his legal research, analysis, conclusions, legal theory or strategy. (See Richardson, Evidence [10th ed], § 422, citing 3 Weinstein-Korn-Miller, NY Civ Prac, §§ 3101.42-3101.55.)

Nor do we believe that the names and addresses of witnesses qualify as material prepared for litigation. Of the items exempted from disclosure by CPLR 3101 (subd [d], par 2) only "anything created by or for a party or his agent in preparation for litigation" could arguably apply to the information sought here. The existence of a witness to an event, or to conditions bearing upon an event, is independent of and precedes any work done by an attorney. A witness and such incidentals as his address, as well as his knowledge, are not the creation of a party "in preparation for litigation", although the unearthing of the witness may well be the product of an attorney's labors. But the methods by which an attorney ascertains the witness' existence and whereabouts are neither the subject of exemption as material prepared for litigation, nor, as already noted, an attorney's work product.

Fairness dictates that the identity of an individual who is to testify be discoverable by the opposing party. The search for

---

1. *Material prepared for litigation.* The following shall not be obtainable unless the court finds that the material can no longer be duplicated because of a change in conditions and that withholding it will result in injustice or undue hardship:

1. any opinion of an expert prepared for litigation, and

2. any writing or anything created by or for a party or his agent in preparation for litigation.

2. Precisely because the exemption of CPLR 3101 (subd [c]) is absolute we do not view the revelation of witnesses' identities as an exception to the rule against discovery of work product. (Cf. *Wolken v Howell Co.,* 41 AD2d 545.)

truth is better served when the fullest possible range of disclosure is provided. Revealing the names of witnesses would not violate "the general policy against invading the privacy of an attorney's course of preparation." *(Hickman v Taylor,* 329 US 495, 512.)

Accordingly, the order, Supreme Court, New York County (SUTTON, J.), entered June 11, 1979, denying defendants' motion to direct plaintiff to respond to the demand for the names and addresses of witnesses, should be reversed, on the law, without costs or disbursements, and the motion granted.

BIRNS, J. P., FEIN, LUPIANO and LYNCH, JJ., concur.

Order, Supreme Court, New York County, entered on June 11, 1979, reversed, on the law, without costs and without disbursements, and the motion to direct plaintiff to respond to the demand for the names and addresses of witnesses granted.