■ KORVETTES, INC., Appellant, v MID-ISLAND SHOPPING PLAZA Co., Respondent. — In an action to declare that plaintiff has not violated terms of its lease, plaintiff appeals from a resettled order of the Supreme Court, Nassau County, dated January 26, 1981, which denied its motion for a preliminary injunction enjoining defendant from holding plaintiff in default on the lease. Resettled order affirmed, with $50 costs and disbursements. Plaintiff has failed to demonstrate that it will ultimately succeed on the merits (see, e.g., *Albini v Solork Assoc.,* 37 AD2d 835). Rabin, J. P., Gulotta, Weinstein and Thompson, JJ., concur.

■ ROSE LOUROS, Respondent, v POWER TEST PETROLEUM DISTRIBUTORS et al., Defendants, and GOKEE D. CANER, Doing Business as GEORGE'S SERVICE STATION, Appellant. — In a personal injury action, defendant Caner appeals, as limited by his brief, from so much of an order of the Supreme Court, Nassau County, dated August 14, 1979, as denied the branch of his motion which sought to compel plaintiff to furnish names and addresses of witnesses other than eyewitnesses to the accident. Order affirmed insofar as appealed from, with $50 costs and disbursements. Plaintiff sustained an injury to her left eye on November 24, 1978, while a customer at appellant's automobile service station. Plaintiff alleged, *inter alia,* that such injury occurred when appellant's employee, el Jaquhari Hassan, "in attempting to keep order" at the service station, broke the glass of the window causing flying particles of glass to enter her eye. In his demand for names and addresses of witnesses (see CPLR 3101, subd [a]; 3120), in addition to requesting the identity of those persons who witnessed the occurrence, appellant sought the identity of those prospective witnesses who either saw or had knowledge of any "acts, omissions or conditions which allegedly caused the occurrence", and any witnesses to "Actual notice given [appellant] of any condition which caused the occurrence" (see *Hoffman v Ro-San Manor,* 73 AD2d 207). Appellant, under recent case law, may be entitled not only to the identity of persons who viewed the occurrence but also to the names and addresses of potential witnesses who can testify to notice and conditions causing or contributing to the occurrence (see *Zayas v ̀Morales,* 45 AD2d 610; *Hoffman v Ro-San Manor, supra).* However, under the circumstances, appellant's "boiler plate" demand with respect to the disputed items was improper since it did not contain the specificity required by statute (see CPLR 3120, subd [a], par 1, cl [i]; see, also, *Rios v Donovan,* 21 AD2d 409; *Verini v Bochetto,* 49 AD2d 752). Hopkins, J. P., Titone, Lazer and Cohalan, JJ., concur.