■ RICHARD BOMBARD et al., Respondents, v COUNTY OF ALBANY, Appellant, et al., Defendant. — Appeal from an order of the Supreme Court at Special Term (Shea, J.), entered September 22, 1982 in Albany County, which granted plaintiffs' motion for a protective order striking portions of defendant County of Albany's demand for the identity of certain witnesses. On July 14, 1981, plaintiff Richard Bombard fell on a stairway in the Albany County Airport. After an action was commenced by Bombard and his wife against the County of Albany and Ancorp National Services, Inc., lessee of the premises, defendant county, with its answer, served a demand for the names and addresses of witnesses who had been witnesses to the accident as well as a like demand for witnesses to the acts of negligence alleged in the complaint and to any actual or constructive notice of any alleged defective condition on the premises in question. Plaintiffs moved to strike those portions of the demand requesting the identity of anyone other than witnesses of the fall. Special Term granted plaintiffs' motion without opinion. This appeal by defendant County of Albany ensued. We reverse. When this issue was before us on a prior occasion, i.e., whether the identity of witnesses who could testify to the notice and existence of a defective condition which was the competent producing cause of an accident should be disclosed, we concluded that knowledge of the identity of witnesses to the condition, as distinguished from the identity of witnesses to the accident or occurrence, was "the work product of the attorney or material prepared for litigation" and was, therefore, protected under CPLR 3101 (subds [c], [d]) (*Hennessy v Benerofe,* 63 AD2d 779). We are now of the view that the articulation of our reasons supportive of the protective relief granted plaintiff in *Hennessy* was in response to our erroneous perception that defendant was demanding the identity of *all* witnesses plaintiff planned to use at trial, and that the demand was, therefore, overbroad. Here, as in *Hennessy,* the demand is for "notice" witnesses in addition to witnesses to the accident itself. Identification of this type of witness by a party need not subject an attorney's trial strategy to undue disclosure and, further, has the salutary effect of limiting an attorney's work product exemption under CPLR 3101 (subd [c]) to those materials which are uniquely the product of a lawyer's learning and professional skills (see *Hoffman v Ro-San Manor,* 73 AD2d 207). This interpretation comports with the legislative intent discernible in CPLR article 31 that disclosure advances the goal of reaching a just result in a speedy and thoroughly prepared presentation of both sides of the controversy. Not the least of the benefits to the practicing Bar by the conclusion we now reach is that it has the wholesome effect of harmonizing the views of the four departments on this issue (see *O'Connor v Larson,* 74 AD2d 734 [4th Dept]; *Hoffman v Ro-San Manor, supra* [1st Dept]; *Zayas v Morales,* 45 AD2d 610 [2d Dept]). Order reversed, on the law, without costs, and motion by plaintiffs denied. Mahoney, P. J., Sweeney, Main, Casey and Weiss, JJ., concur.