OPINION OF THE COURT
Gerard M. Weisberg, J.
On this motion we must determine the degree to which *1069 disclosure of information regarding a party’s experts was expanded by a recent amendment to the CPLR, enacted as part of the comprehensive reform of laws pertaining to medical malpractice. (L 1985, ch 294.) This legislation is also applicable to personal injury cases generally, such as the one at bar.
Claimants, Carmen and Hector Avila, have demanded, in their notice for discovery and inspection, item “8”, information with respect to the experts defendant, State of New York, will call to testify at trial. Under prior law, such material was privileged. (See, Uzcategui v Minnesota Min. & Mfg. Co., 96 Misc 2d 868, affd 65 AD2d 543.) However, the disclosure available in this area has been greatly expanded by the amendment of CPLR 3101 (d). (See, e.g., Salander v Central Gen. Hosp., 130 Misc 2d 311.)
The revised statute adopted for the most part Federal Rules of Civil Procedure rule 26. (See, Connors and Bull, New York’s Controversial Medical Malpractice Bill, NY St BAJ, Feb. 1986, at 10, 12; Connors, Analysis of New Comprehensive Medical Malpractice Reform Law, NYLJ, Aug. 13, 1985, at 1, col 3.) When that provision was enacted, it was recognized that "[e]ffective cross-examination of an expert witness requires advance preparation. The lawyer even with the help of his own experts frequently can not anticipate the particular approach his adversary’s expert will take or the data on which he will base his judgment on the stand.” (Notes of Advisory Committee on Rules, Fed Rules Civ Pro, rule 26, 28 USCA, at 160.)
These elements entered into the recommendation of the State Executive Department in urging enactment of the revised provision of the CPLR. It stated that "[s]ince the testimony of expert witnesses is often the single most important element of proof in medical malpractice and other personal injury actions, sharing information concerning these opinions encourages prompt settlement by providing both parties an accurate measure of the strength of their adversaries’ case.” It was also recognized that disclosure of this information would discourage the assertion of "unsupportable claims or defenses”. (Memorandum of State Executive Dept, 1985 McKinney’s Session Laws of NY, at 3025; see, 1985 Report of Advisory Comm on Civ Prac, 1985 McKinney’s Session Laws of NY, at 3359.)
Defendant has moved for a protective order under CPLR *1070 3103, asserting that claimants, in demanding certain information with respect to its experts, are "attempting to vastly expand the scope” of CPLR 3101 (d) (1). The specifics of the State’s objection will be considered seriatim.
First, the defendant objects to the demand for the address of any expert. Identification of the person to be called as an expert reasonably includes that individual’s address. Indeed, both the name and the address of a witness to an occurrence giving rise to a cause of action are proper subjects of disclosure. (See, Zellman v Metropolitan Transp. Auth., 40 AD2d 248.) A similar rule applies to notice and admission witnesses. (Bombard v County of Albany, 94 AD2d 910, appeal dismissed 60 NY2d 643; Wolf v Davis, 108 Misc 2d 19.) We see no reason why this principle should not be extended to expert witnesses. Otherwise, the "identification” mandated by the statute would be incomplete.
Defendant also objects to the demand for the expert’s occupation and field of specialization. The statute requires disclosure of the "qualifications” of each expert witness. The information requested is encompassed by the enumerated category and should be disclosed. (See, Richardson, Evidence § 368 [Prince 10th ed].)
Similarly, claimants’ request for the years of the expert’s experience is reasonably related to the expert’s qualifications and is thus unobjectionable. Professional society or organizational membership is also sought. Mere membership in such organizations does not, in and of itself, establish an individual’s qualifications. (See, Martin, Boring Voir Dire, NYLJ, Aug. 8, 1986, at 2, col 3.) However, since it is common practice to inquire as to professional organizations, and since such membership may be tangentially related to an expert’s competency, we find the information sought to be disclosable. In doing so, we have adopted the liberal standard applicable to disclosure generally in this State. (See, Allen v Crowell-Collier Pub. Co., 21 NY2d 403, 406.) However, the professional memberships or organizations to be disclosed should be limited to the witness’s area of expertise.
Finally, claimants demand the identity of "the documents which were seen by the expert prior to the formation of the expert’s opinion.” A party is permitted to inquire at trial as to the data upon which an expert based his or her opinion. (People v Crossland, 9 NY2d 464, 467.) This information is directly related to the "facts” upon which the expert will *1071 testify and the "summary of the grounds” on which the opinion is based and thus falls within the purview of items enumerated by the statute. Moreover, it is relevant to the assessment of the strengths of the opponent’s case, a consideration that figured strongly in the Legislature’s expansion of disclosure with respect to experts. Thus, claimants are entitled to the information sought, but only to the degree that the documents requested relate to the formation of the opinion of the expert.