■ SUSAN GECHOFF et al., Appellants, v OUR LADY OF VICTORY HOSPITAL, Respondent.—Order insofar as appealed from unanimously reversed on the law without costs and motion granted. Memorandum: Supreme Court erred in denying plaintiffs' motion to compel defendant to disclose the name and address of the individual who fell in its lobby 13 days before plaintiff Susan Gechoff's fall in the lobby. Plaintiffs served a notice to produce upon defendant for accident or incident reports related to any fall by any person in its lobby during the two years prior to plaintiff's accident. In response defendant produced an incident report indicating that an individual had fallen in the hospital lobby 13 days before plaintiff's accident. Defendant deleted from the report the name and address of that individual, but did not delete from the form its employee's notations concerning the severity of the injuries and post-incident diagnosis.

Plaintiffs moved to compel disclosure of the individual's name and address on the ground that the individual may possess material and relevant information to support their claim that defendant negligently maintained its lobby and that defendant had notice of the lobby's dangerous or defective condition. In response to plaintiffs' motion, defendant asserted that the information was privileged because the incident report contained medical information.

Plaintiffs were entitled to discover the name and address of the individual who previously fell in the hospital lobby because that person could testify to the existence of and defendant's notice of a defective condition in the lobby (see, Bombard v County of Albany, 94 AD2d 910; O'Connor v Larson, 74 AD2d 734; Hoffman v Ro-San Manor, 73 AD2d 207). We further conclude that the disclosure of the identity of that non-party witness does not violate the doctor-patient privilege provided by CPLR 4504 (a) and Public Health Law § 2803-c (3) (f) (see, Hirsch v Catholic Med. Ctr., 91 AD2d 1033; King v O'Connor, 103 Misc 2d 607; McMahon v Hayes-73rd Corp., 197 Misc 318). Indeed, defendant's affidavit fails to establish that the document is privileged because it does not assert that the non-party individual was defendant's patient at the time of the incident. (Appeal from Order of Supreme Court, Erie

County, Mintz, J.—Discovery.) Present—Callahan, J. P., Pine, Lawton, Boehm and Fallon, JJ.