■ LINDA LANCASTER, Appellant, v ST. LUKE'S HOSPITAL, Respondent. [744 NYS2d 334] —In an action to recover damages for personal injuries, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Orange County (Owen, J.), entered February 14, 2002, as denied her motion to compel disclosure of the name and address of a victim of a prior accident which the defendant redacted from a report dated September 9, 1998.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the motion is granted; and it is further,

Ordered that within 20 days after service upon it of a copy of this decision and order the defendant is directed to disclose the name and address of the victim of the prior accident which was redacted from the report dated September 9, 1998.

"Records of prior similar accidents are admissible and discoverable in a negligence action since they are relevant in establishing that a particular condition was dangerous and that the defendant had notice of that condition" (*Coan v Long Is. R.R.,* 246 AD2d 569). When such reports contain confidential information the court should examine them in camera and redact the confidential information (*see Culbert v City of New York,* 254 AD2d 385, 388). In the instant case, the defendant took it upon itself to redact the name and address of the victim of a prior similar accident. That information was not confidential, and should not have been redacted (*see Gechoff v Our Lady of Victory Hosp.,* 190 AD2d 1060).

The defendant's remaining contentions are without merit. Santucci, J.P., Florio, Goldstein and Townes, JJ., concur.