Lane v City of New York (2023 NY Slip Op 06480)

Lane v City of New York

2023 NY Slip Op 06480

Decided on December 19, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 19, 2023

Before: Singh, J.P., Friedman, Gesmer, Shulman, O'Neill Levy, JJ. 

Index No. 153022/15 Appeal No. 1277 Case No. 2022-04275 

[*1]Denise Lane, Plaintiff-Appellant,
v
The City of New York, et al., Defendants-Respondents.

Michael H. Zhu, P.C., New York (Michael H. Zhu of counsel), for appellant.
Sylvia O. Hinds-Radix, Corporation Counsel, New York (Jamison Davies of counsel), for respondents.

Order, Supreme Court, New York County (J. Machelle Sweeting, J.), entered September 13, 2022, which denied plaintiff's motion to vacate so much of a prior order, same court and Justice, entered July 6, 2022, denying plaintiff's request that defendants provide the date of birth and social security number of a nonparty witness, unanimously modified, on the law and the facts, to the extent of ordering disclosure of the nonparty witness's birth date, and otherwise affirmed, without costs.
A plaintiff is entitled to "open and far-reaching pretrial discovery" (DiMichel v South Buffalo Ry. Co., 80 NY2d 184, 193, cert. denied 510 US 816 [1993]; see also CPLR 3101[a]), although such discovery requests are "evaluated on a case-by-case basis" (Forman v Henkin, 30 NY3d 656, 662 [2018] [internal quotation marks omitted]).
Supreme Court should have granted plaintiff's request that defendants provide the date of birth of the nonparty witness. "[O]rdinarily the names and addresses of witnesses are a proper subject of disclosure" (Parkmed Co. v Pro-Life Counselling, Inc., 88 AD2d 534, 535 [1st Dept 1982], citing Hoffman v Ro-San Manor, 73 AD2d 207, 211 [1st Dept 1980] [granting motion to provide names and addresses of witness]). The identity of an active participant in an incident is discoverable because "'the witness was so closely related to the [incident] that his testimony [became] essential in establishing [its] happening'" (Hoffman, 73 AD2d at 209, quoting O'Dea v City of Albany, 27 AD2d 11, 12-13 [3d Dept 1966]).
Plaintiff seeks disclosure of the date of birth and social security number of the nonparty witness, who was also plaintiff's assailant in the incident underlying the litigation. Defendants have already disclosed that plaintiff's assailant, who has a remarkably common name, was homeless. Accordingly, the ordinary disclosure of "names and addresses" is unlikely to assist plaintiff in locating the witness. Disclosure of his date of birth may assist plaintiff in identifying and locating the witness. Defendants are not required to provide the witness's social security number, however, as courts have recognized a heightened level of confidentiality with respect to an individual's social security number.
We have considered the parties' remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 19, 2023