SANDRA ZELLMAN, Individually and as Executrix of ROBERT ZELLMAN, Deceased, Respondent, *v.* METROPOLITAN TRANSPORTATION AUTHORITY et al., Appellants.

Second Department, January 8, 1973.

*Smith, Griffin & Young* (*John C. Young* of counsel), for appellants.

*Carlino, Pearsall & Soviero, P. C.* (*Joseph F. Soviero, Jr.,* and *Edward A. McCoyd* of counsel), for respondent.

SHAPIRO, J. This action to recover damages for personal injuries and wrongful death arises out of an alleged grade crossing accident in Wyandanch, Long Island, on April 26, 1970. The plaintiff's decedent was purportedly struck by a train operated by the individual defendant, who is an employee of defendant Long Island Rail Road Company (hereafter referred to as LIRR), which in turn is a subsidiary of defendant Metropolitan Transportation Authority.

Following the joinder of issue the defendants unsuccessfully moved for summary judgment pursuant to CPLR 3212 or, in the alternative, for an order pursuant to CPLR 3101 directing the plaintiff to disclose the names and addresses of all persons claimed by her to have either witnessed the accident or to have firsthand knowledge of its occurrence. The defendants no longer urge that they are entitled to a summary judgment, but appeal from the denial of the alternative relief sought by them at Special Term.

In support of the motion, Thomas O. Rice, LIRR's general claim agent, alleged that a 14-month investigation by both the railroad's claims department and the investigating staff of its attorneys of record was unsuccessful in locating a witness to the accident or an employee of the railroad with firsthand knowledge of the occurrence. Similar failures were encountered by the Suffolk County Police Department and by the life insurer of the

plaintiff's decedent. The defendants have offered to pay one half the cost of the plaintiff's investigation.

The opposing affidavit of one of the attorneys for the plaintiff alleged that a licensed private investigator retained immediately following the accident ascertained the names of four eyewitnesses, all of whom are allegedly willing to testify on behalf of the plaintiff. This attorney asserts that the names of the witnesses were discovered in preparation for litigation and hence are beyond the reach of a discovery motion.

The quest for discovery of the names of eyewitnesses in negligence cases has spawned a not insignificant amount of litigation. The basic policy with regard to disclosure is contained in subdivision (a) of CPLR 3101, which provides, in part, '' There shall be full disclosure of all evidence material and necessary in the prosecution or defense of an action, regardless of the burden of proof ''. The phrase '' material and necessary '' should be interpreted broadly (*Allen* v. *Crowell-Collier Pub. Co.*, 21 N Y 2d 403, 407). At issue here is subdivision (d) of CPLR 3101, which, in pertinent part, provides that '' any writing or anything created by or for a party or his agent in preparation for litigation '' is not discoverable '' unless the court finds that the material can no longer be duplicated because of a change in conditions and that withholding it will result in injustice or undue hardship.''

The current state of the law with regard to disclosure of witness's names has come to be called the *Hartley-Varner* rule (see Practice Commentaries [by Prof. David D. Siegel], item C3101:41, in McKinney's Cons. Laws of N. Y., Book 7B, CPLR 3101-3200, pp. 44-46). In *Hartley* v. *Ring* (58 Misc 2d 618), Mr. Justice MARGETT rejected the then evolving rule (see, e.g., *O'Dea* v. *City of Albany*, 27 A D 2d 11; *Coleman* v. *Kirkey*, 53 Misc 2d 947) that the name of a participant in the event was discoverable, while the name of a mere observer was immune from discovery. He held, instead, that a party must disclose the name of every witness whose identity was learned at the scene, regardless of whether the witness participated in the event, but that the name of a witness learned through subsequent investigation (while not properly the work product of an attorney, which product is unobtainable by virtue of CPLR 3101, subd. [c]) was, in effect, material '' created '' in preparation for litigation and hence unobtainable.

In *Varner* v. *Winfield* (33 A D 2d 807), a bare majority of this court adopted the *Hartley* rule and held (p. 808): '' The knowledge gained from an investigation concerning a witness' relationship as an observer of an incident and his identity

can be considered as being 'created' in preparation for litigation just as a statement taken from a witness is given such classification (*Hartley* v. *Ring, supra*; *contra,* Supplementary Practice Commentary [1968] on CPLR 3101 [in McKinney's Cons. Laws of N. Y., Book 7B (Cumulative Annual Pocket Part)]). Since the names of the witnesses at bar are material prepared for litigation, they are immune 'unless the court finds that the material can no longer be duplicated because of a change in conditions and that withholding it will result in injustice or undue hardship' (CPLR 3101, subd. [d]). We are of the opinion that defendant has failed to establish that he can no longer duplicate the list of names because of a change in conditions and that withholding it will result in injustice or undue hardship.'' (See, also, *Peretz* v. *Blekicki,* 31 A D 2d 934; *Workman* v. *Boylan Buick,* 36 A D 2d 978.)

We have reviewed our prior holdings and have now concluded that the names of eyewitnesses to the occurrence, even if obtained by investigation made after the occurrence, are discoverable if they are material and necessary to the prosecution or defense of the action. Prior holdings to the effect that the names of eyewitnesses may be regarded as things created by a party in preparation for litigation resulted from a strained construction of the statute. They represent an understandable effort to avoid allowing one party to benefit from the preparatory efforts of his opponent. Nonetheless, such constructions do violence to the stated policy of CPLR 3101 that there shall be full disclosure of all material and necessary evidence and serve to perpetuate the '' sporting theory of justice ''. Justice is better served, the trial of cases expedited and the possibilites of perjury concomitantly reduced if there is disclosure of the names of eyewitnesses to be called. This does not, of course, apply to the statements of such witnesses, for they are truly material prepared for litigation.

Accordingly, the order appealed from should be reversed insofar as appealed from, without costs, and the branch of the defendants' motion which was to direct the plaintiff to furnish the names and addresses of eyewitnesses to the defendants should be granted.

HOPKINS, Acting P. J., MUNDER, GULOTTA and BENJAMIN, JJ., concur.

Order reversed insofar as appealed from, without costs, and said branch of defendants' motion granted. Further proceedings in implementation of the order of this court to be made hereon should be had at Special Term.