ANGEL ZAYAS, as Administrator of the Estate of OLGA V. ZAYAS, Deceased, et al., Respondents, *v.* GREGORIO MORALES et al., Defendants, and L. K. COMSTOCK & Co., INC., Appellant.

Second Department, November 4, 1974.

*Konheim, Halpern & Bleiwas* (*Victor Bleiwas* of counsel), for appellant.

*Talisman & Rudin* for Angel Zayas and another, respondents.

SHAPIRO, J. In this case of a two-car intersection collision, which occurred on October 7, 1971, the plaintiffs sue defendant Morales as the driver of the offending automobile and the other defendants, the City of New York, the Welsbach Corp. and L. K. Comstock & Co., Inc. (Comstock) as contributing tortfeasors by reason of the nonfunctioning of a traffic light at the place where the accident occurred. Comstock applied for an order pursuant to CPLR 3124 requiring the plaintiffs and Comstock's codefendants to disclose the names and addresses of the eyewitnesses to the occurrence as well as the names and addresses of those persons they proposed to call as notice witnesses to the nonoperating condition of the traffic light. The Special Term granted the application so far as the names of the eyewitnesses to the occurrence were concerned, but denied it as regards the notice witnesses. Comstock, feeling aggrieved by the denial, has appealed to this court. We agree with Comstock that a disclosure of the names and addresses of the witnesses on the question of notice should have been directed.

Comstock alleged that it first learned of the accident on December 23, 1971 and that it had no notice of the defective condition of the traffic lights until October 13, 1971, six days after the accident.

In their further bill of particulars, the plaintiffs allege: " that L K Comstock & Co., Inc., had constructive notice of the broken and defective lights inasmuch as these traffic lights were broken and defective for approximately three weeks prior to the happening of this accident."

In denying Comstock's right to be given the names and addresses of the notice witnesses, the Special Term said that that "situation does not come within the reasoning of *Zellman* v. *Metropolitan Transportation Authority*, 40 A D 2d 248".

In that case, we said (p. 251):

"We have reviewed our prior holdings and have now concluded that the names of eyewitnesses to the occurrence, even if obtained by investigation made after the occurrence, are discoverable if they are material and necessary to the prosecution or defense of the action. Prior holdings to the effect that the names of eyewitnesses may be regarded as things created by a party in preparation for litigation resulted from a strained construction of the statute. They represent an understandable effort to avoid allowing one party to benefit from the preparatory efforts of his opponent. Nonetheless, such constructions do violence to the stated policy of CPLR 3101 that there shall be full disclosure of all material and necessary evidence and serve to perpetuate the 'sporting theory of justice'. Justice is better served, the trial of cases expedited and the possibilities of perjury concomitantly reduced if there is disclosure of the names of eyewitnesses to be called. This does not, of course, apply to the statements of such witnesses, for they are truly material prepared for litigation."

It is true that *Zellman* dealt with "the names of eyewitnesses to the occurrence". However, to blindly limit its application to "occurrence" witnesses is to disregard its rationale and purpose to effect "full disclosure of all material and necessary evidence". We perceive no difference in theory between discoverability of the identity of an eyewitness to an accident and the identity of a witness who would testify to the existence of a defective condition which was allegedly the competent producing cause of an accident.

Even those cases which refer only to witnesses to the "event itself", such as *Rios* v. *Donovan* (21 A D 2d 409), would apparently subscribe to our conclusion. The "event itself" has yet to be elaborated. We agree with Professor David D. Siegel that "the 'event itself' should not be construed too narrowly." In his Practice Commentaries on CPLR 3101 (McKinney's Cons. Laws of N. Y., Book 7B, CPLR 3101 to 3200, pp. 46–47) he says: "Those who were at the scene and directly witnessed the accident or transaction offer no problem. But what of the bartender or drinking companion who saw the party drunk 15 minutes earlier? What of the witness around the corner or a few blocks away who did not see the accident but saw one of

the parties driving out of control or at high speed? The ' event itself ' can reasonably be regarded as embracing all of those who witnessed at first hand any element that reflects on the liability issue in the case.''

Since the plaintiffs' further bill of particulars grounds their complaint as against Comstock on the theory that it '' had constructive notice of the broken and defective lights • • • for approximately three weeks prior to the happening of this accident,'' we see no justifiable reason for permitting the names and addresses of the '' notice ''-witnesses to be withheld.

The purpose of litigation is to achieve a just result and not to spring a surprise on one's adversary. That purpose can only be hindered — not served — by failing to make proper disclosure of matters material and necessary to the prosecution or defense of an action, as the case may be. The intent of CPLR 3101, which '' opens with the sweeping exhortation that ' there shall be full disclosure of all evidence material and necessary in the prosecution or defense of an action, regardless of the burden of proof ' '' (*Cirale* v. *80 Pine St. Corp.*, 35 N Y 2d 113, 116) should be given effect here by ordering the requested disclosure.

Accordingly, so much of the order appealed from as denied discovery of the names and addresses of the witnesses who may be called by the plaintiffs to establish constructive notice of the defective condition on the part of defendant L. K. Comstock & Co., Inc. should be reversed, without costs, and that branch of said defendant's motion granted.

LATHAM, Acting P. J., COHALAN, BRENNAN and BENJAMIN, JJ., concur.

Order reversed insofar as appealed from, without costs, and above-mentioned branch of the motion granted. The names and addresses in question shall be furnished within 20 days after entry of the order to be made hereon. If the parties who are hereby directed to furnish same do not have knowledge of the name and address of any of the witnesses in question they shall so state under oath.