■ FOREMOST INSURANCE COMPANY, Appellant-Respondent, v 3 GRACE AVENUE, INC., Respondent-Appellant, et al., Defendant.—In an action to declare a policy of insurance void by reason of alleged arson, concealments, misrepresentations and false swearing, the plaintiff and defendant 3 Grace Avenue, Inc., cross-appeal from an order of the Supreme Court, Nassau County, dated December 15, 1976, which granted in part and denied in part plaintiff's motion to strike certain interrogatories served by the appealing defendant. Order modified by deleting therefrom the itemization of the stricken interrogatories and substituting therefor a provision striking Interrogatories Nos. 7, 8, 13, 14, 15, 16, 20, 21, 23, 26, 27, 28, 29, 31, 32, 34, 36, 37 and 39. As so modified, order affirmed, without costs or disbursements. On November 20, 1975 the fire which gave rise to the claim in this matter took place on respondent-appellant's premises. The Nassau County Fire Commission investigated the fire on November 21, 1975, concluded that its cause was incendiary, and placed the matter under criminal investigation. Counsel retained by plaintiff on November 26, 1975 conducted an investigation in anticipation of a claim by respondent-appellant. In May, 1976, plaintiff formally rejected respondent-appellant's claim and commenced an action to declare that its policy of insurance held by respondent-appellant is void. After the action was commenced, respondent-appellant served a list of 40 interrogatories on plaintiff. Objection was taken with regard to all of them except Nos. 1 through 5 and 24, and a motion to strike was made. Special Term granted the motion to the extent of striking Interrogatories Nos. 13, 14, 17, 18, 26, 31 and 40. After reviewing the record, we conclude that there can be little doubt that when counsel was retained six days after the fire, and five days after the fire marshall termed the blaze of an incendiary nature, the investigation he then conducted was solely in contemplation of the anticipated litigation. CPLR 3101 (subd [d]) provides immunity from discovery of information gathered in contemplation of, and in preparation for, litigation. However, we have held that "the names of eyewitnesses to the occurrence, even if obtained by investigation made after the occurrence, are discoverable if they are material and necessary to the prosecution or defense of the action * * * This does not, of course, apply to the statements of such witnesses, for they are truly material prepared for litigation" (Zellman v Metropolitan Transp. Auth., 40 AD2d 248, 251). In Zayas v Morales (45 AD2d 610, 612), we expanded the scope of the "occurrence" witnesses. We perceived "no difference in theory between discoverability of the identity of an eyewitness to an accident and the identity of a witness who could testify to the existence of a defective condition which was allegedly the competent producing cause of an accident." In elaborating on the meaning of the words "event itself", found in some of the cases, we agreed with Professor David D. Siegel, who stated in his Practice Commentaries on CPLR 3101 (McKinney's Cons Laws of NY, Book 7B, CPLR 3101, pp 46-47) that: "the 'event itself' can reasonably be regarded as embracing all of those who witnessed at first hand any element that reflects on the liability issue in the case." Interrogatories Nos. 6, 9-11, 18, 19, 22, 25, 30, 33, 35 and 38 should be answered because they fall under the authority of Zellman (supra) and Zayas (supra). Interrogatory No. 12, which seeks information concerning the acts of respondent-appellant which allegedly voided the policy, is pleaded in plaintiff's complaint and is a proper subject for discovery. Interrogatory No. 17 calls for copies of photographs which, due to changed circumstances, can no longer be duplicated and therefore

should be disclosed. Interrogatory No. 40 should be answered since no valid objection was presented thereto. Interrogatories Nos. 1-5 and 24 were not objected to by plaintiff. However, Interrogatories Nos. 7, 8, 16, 23, 27, 28, 34 and 37 concern information gathered for the purpose of litigation; Interrogatories Nos. 13 and 14 concern witnesses not covered by *Zellman (supra)* or *Zayas (supra);* and Interrogatories Nos. 15, 20, 21, 26, 29, 31, 32, 36 and 39 concern statements by witnesses held in *Zellman (supra)* to be immune from discovery. Hopkins, J. P., Rabin, Hawkins and O'Connor, JJ., concur.