OPINION OF THE COURT
Gerard M. Weisberg, J.
Claimant has moved to preclude the State from calling as witnesses upon the trial of this action persons whose names and addresses have not been furnished pursuant to a demand served.
The claim is for conscious pain and suffering and wrongful death arising out of a collision of motor vehicles. The negligence of the State is predicated on its failure to remove, transport or dispose of snow at the place of occurrence, causing an obstruction to the view of motorists entering an intersection, and in its failure to properly place and operate traffic signals.
The State’s position is that the names and addresses of witnesses are not discoverable against it by way of a mere demand. CPLR 3102 (subd [f]) provides in substance that in an *462 action to which the State is a party, disclosure shall be available against the State as if it were a private person except that it may be obtained only by order of the court.
The demand for names and addresses of nonparty witnesses is not specifically authorized by any provision of the CPLR, but is a device which has been engrafted upon the law by judicial decision. (Zellman v Metropolitan Transp. Auth., 40 AD2d 248; Zayas v Morales, 45 AD2d 610; Hoffman v Ro-San Manor, 73 AD2d 207; cf. CPLR 3102, subd [a].) It is manifestly however a disclosure device.
Accordingly, CPLR 3102 (subd [f]) requires that a motion be made to obtain the information which claimant sought to obtain by the service of his demand. Under the circumstances, this was an unauthorized procedure and, consequently, the State’s failure to respond with the information furnishes no basis for a motion to preclude. The motion insofar as it seeks preclusion is therefore denied.