OPINION OF THE COURT
James F. Niehoff, J.
This is a motion by the defendants to compel the plaintiffs to disclose the names and addresses of all witnesses “to whom defendant allegedly admitted striking the plaintiff’s bicycle.”
In this negligence action the plaintiff, Erna Wolf, claims that on June 15,1978 in the vicinity of Doughty Boulevard and Central Avenue in Lawrence, New York, she sustained personal injuries because of the negligence of the defendants in the ownership, operation and control of a motor vehicle. It is plaintiff’s claim that defendants’ vehicle struck the bike she was riding.
The defendants assert that “[o]ne of the issues in this trial may be as to whether there was actual contact between the defendant’s vehicle and the plaintiff and as to what defendant intended to do in the event the accident has [sic] not occurred.”
In a letter to the defendants’ counsel dated November 28, 1980 plaintiffs’ attorney stated: “We have the names of *20 people to whom Susan Davis admitted striking the bicycle and injuring Erna Wolf and that she was teaching Hebrew school that afternoon.”
Defendants’ attorney asserts that “defendant claims that at the time of the accident she was going shopping while it appears from counsel’s letter of November 28th, 1980 that it is claimed that she was going to teach school. Also, as stated, there can be an issue involved herein as to whether there was actual contact between defendant’s vehicle and plaintiff’s bike. Defendant did not see or feel the alleged contact. Defendant does admit that at the time and place alleged that the plaintiff did fall off the bike.”
. The defendant, Susan Davis, argues that she is entitled to the names and addresses of persons to whom she allegedly made admissions in that such witnesses will give testimony “that is material to the disputed issues.” The plaintiff, on the other hand, maintains that the “admission” witnesses were not witnesses to the actual accident; that they are known to the defendant; and that the names of these witnesses, uncovered by the plaintiffs’ attorney after the expenditure of money, time and effort, constitute his work product and material prepared for litigation. Thus, the battle lines are drawn.
In Zellman v Metropolitan Transp. Auth. (40 AD2d 248, 251), the Appellate Division, Second Department, wrote: “We have reviewed our prior holdings and have now concluded that the names of eyewitnesses to the occurrence, even if obtained by investigation made after the occurrence, are discoverable if they are material and necessary to the prosecution or defense of the action. Prior holdings to the effect that the names of eyewitnesses may be regarded as things created by a party in preparation for litigation resulted from a strained construction of the statute. They represent an understandable effort to avoid allowing one party to benefit from the preparatory efforts of his opponent. Nonetheless, such constructions do violence to the stated policy of CPLR 3101 that there shall be full disclosure of all material and necessary evidence and serve to perpetuate the ‘sporting theory of justice’. Justice is better served, the trial of cases expedited and the possibilities of *21 perjury concomitantly reduced if there is disclosure of the names of eyewitnesses to be called.”
Thereafter, in Zayas v Morales (45 AD2d 610), that same court was called upon to determine whether the names of “notice” witnesses, as well as “occurrence” witnesses, had to be disclosed.
In holding that a party was required to disclose such names the court said (supra, at p 612): “It is true that Zellman dealt with The names of eyewitnesses to the occurrence’. However, to blindly limit its application to ‘occurrence’ witnesses is to disregard its rationale and purpose to effect ‘full disclosure of all material and necessary evidence’. We preceive no difference in theory between discoverability of the identity of an eyewitness to an accident and the identity of a witness who would testify to the existence of a defective condition which was allegedly the competent producing cause of an accident.”
The court then went on to say (supra, at p 613): “The purpose of litigation is to achieve a just result and not to spring a surprise on one’s adversary. That purpose can only be hindered — not served — by failing to make proper disclosure of matters material and necessary to the prosecution or defense of an action, as the case may be. The intent of CPLR 3101, which ‘opens with the sweeping exhortation that “there shall be full disclosure of all evidence material and necessary in the prosecution or defense of an action, regardless of the burden of proof’ ’ (Cirale v. 80 Pine St. Corp., 35 N Y 2d 113, 116) should be given effect here by ordering the requested disclosure.”
While it is clear that plaintiffs’ “admission” witnesses are not witnesses to the “event itself’, it can hardly be denied that, like notice witnesses, they possess vital information which bears on the liability issue, and which is material and necessary in the prosecution or defense of this action. If the defendant, Susan Davis, takes the stand on her own case and denies that she struck the bicycle on which plaintiff, Erna Wolf, was riding, presumably the plaintiffs will call the “admission” witnesses for the purpose of giving the lie to the defendant. Indeed, it is conceivable that plaintiffs will call such witnesses as a part of *22 their case-in-chief and without regard to what defendant, Susan Davis, might do. In Richardson on Evidence (§ 210 [10th ed]), it is pointed out that the cases now clearly establish that an admission is not received in evidence solely for the purpose of discrediting a party by showing that he has made a statement inconsistent with his position on the trial but that it is also received as evidence of the fact admitted.
Certainly, the question of liability in this case may well turn on that which the alleged “admission” witnesses have to say. Our Court of Appeals has written that: “The words, ‘material and necessary’, are, in our view, to be interpreted liberally to require disclosure, upon request, of any facts bearing on the controversy which will assist preparation for trial by sharpening the issues and reducing delay and prolixity. The test is one of usefulness and reason. CPLR 3101 (subd. [a]) should be construed, as the leading text on practice puts it, to permit discovery of testimony ‘which is sufficiently related to the issues in litigation to make the effort to obtain it in preparation for trial reasonable” (Allen v Crowell-Collier Pub. Co., 21 NY2d 403, 406-407; emphasis supplied.)
The testimony of alleged admissions by defendant, which go to the very heart of the case, namely, whether defendant, Susan Davis, struck plaintiff’s, Erna Wolf’s, bicycle, appear to this court to be evidence which is material and necessary within the above definition of those terms. Stated otherwise, in this court’s judgment, the “admission” witnesses have evidence which is material and necessary to this case. As the Appellate Division said in Zayas (45 AD2d 610, supra), the rule of disclosure announced in Zellman (40 AD2d 248, supra) is to be construed liberally to aid in the search for truth and should not be blindly limited to “occurrence” witnesses.
It should be noted that the plaintiffs’ lawyer appears not to challenge the materiality or the necessity for the production of the names sought. Instead, he relies upon the claim that the names are his “work product and material prepared for litigation.”
Consequently, the pivotal issue to be determined is whether the names of “admission” witnesses are protected, *23 for “if the information sought is in fact privileged, it is not subject to disclosure no matter how strong the showing of need or relevancy.” (Cirale v 80 Pine St. Corp., 35 NY2d 113, 117.)
It is well settled that the discovery of á witness, even though the result of the attorney’s zeal and investigative efforts, does not qualify as an attorney’s work product under CPLR 3101 (subd [c]). The “work product” exemption is limited to those materials which are uniquely the products of a lawyer’s learning and professional skills, such as materials which reflect his legal research, analysis, conclusions, legal theory or strategy. (See Hoffman v Ro-San Manor, 73 AD2d 207, 211; Zellman v Metropolitan Transp. Auth., supra; Zayas v Morales, supra.)
Nor can the names and addresses of “admission” witnesses qualify as material prepared for litigation. CPLR 3101 provides that material prepared for litigation shall not be obtainable unless the material can no longer be duplicated because of a change in circumstances and that withholding it will result in injustice or undue hardship. Subdivision (d) of that section defines material prepared for litigation as follows:
“1. any opinion of an expert prepared for litigation; and
“2. any writing or anything created by or for a party or his agent in preparation for litigation.”
Although any statement given to the plaintiffs by the “admission” witnesses would qualify as material prepared for litigation, the existence of the “admission” witness as distinguished from the witnesses’ statement is not something created by or for the plaintiffs or their attorneys. Such witnesses and such incidentals as their addresses, as well as their knowledge, are not the creation of a party “in preparation for litigation”, although the unearthing of the witnesses may well be the product of the attorney’s labors. In rejecting the argument that the identity or existence of witnesses is material prepared for litigation the Appellate Division, First Department, wrote in Hoffman v Ro-San Manor (supra, at pp 211-212): “Fairness dictates that the identity of an individual who is to testify be discoverable by the opposing party. The search for truth is better served *24 when the fullest possible range of disclosure is provided. Revealing the names of witnesses would not violate ‘the general policy against invading the privacy of an attorney’s course of preparation.’ (Hickman v Taylor, 329 US 495, 512).”
It would seem that plaintiffs’ lawyer recognizes the strong probability that this court will order disclosure herein because after asserting that the defendant is not entitled to the names and addresses of the subject witnesses he states that “if they are, they should reimburse the plaintiff $500.00 for his time, effort and money spent to uncover this information, which was and still is available to defendant.”
Although the court is aware of the fact that by ordering disclosure as requested by the defendant, the defendant will reap the benefits of the efforts of plaintiffs or their attorney, that the fact does not justify an award of reimbursement to the plaintiffs. The money and effort which they spent to uncover the “admission” witnesses were spent in support of the plaintiffs’ case and the fact that defendant may benefit therefrom is simply fortuitous. In the course of discovery both sides frequently appropriate, free of charge, the investigative efforts that the other side has made. Yet, the state of the law is such that it does not authorize reimbursement to the one who has incurred the costs of investigation.
The plaintiffs shall disclose to the defendant the names and addresses of all witnesses known to plaintiffs to whom defendant allegedly admitted striking the plaintiff’s bicycle, within 20 days after service of a copy of the order signed herewith upon plaintiff’s attorney.