■ PARKMED COMPANY, Appellant, and SHERMAN COHEN et al, as Executors of MORTIMER H. COHEN, Deceased, Doing Business as, 475 PARK AVENUE So. Co., Intervenors-Appellants, v PRO-LIFE COUNSELLING, INC., et al., Respondents. — Order of the Supreme Court, New York County (G. B. Smith, J.) entered November 19, 1981, unanimously modified, on the law, the facts and in the exercise of discretion, to the extent of deleting the provision requiring plaintiff and the intervenors-plaintiffs to furnish defendants with the addresses of the persons whom they intend to call as witnesses at the contempt hearing, and otherwise affirmed, without costs. Motion to strike the record on appeal filed by plaintiff and the intervenors-plaintiffs denied, without costs. Plaintiff is a medical partnership which maintains and operates an abortion clinic in premises 475 Park Avenue South. The intervenors-plaintiffs are the owners of the building in which the clinic is located. Defendant Pro-Life Counselling, Inc. (Pro-Life) is an antiabortion organization. The individual defendants are either members of Pro-Life or persons who believe in its principles. Commencing on April 25, 1981, and continuing at regular intervals thereafter defen-

dants demonstrated in and around 475 Park Avenue South. It is alleged that in the process they interfered with, harassed and intimidated plaintiff's patients. On May 14, 1981, plaintiff applied for and obtained an order to show cause containing a temporary restraining order and seeking a temporary injunction. It was served upon defendants simultaneously with the summons and complaint. The complaint seeks a permanent injunction and compensatory and punitive damages. A temporary injunction was issued thereafter. Subsequently, and based upon allegations that the temporary injunction had been violated, plaintiff and the intervenors-plaintiffs moved to punish named defendants for contempt. That motion was granted to the extent of setting the matter down for hearing. Thereafter defendants interposed their answer. Simultaneously therewith defendants made demand for "a verified statement setting forth the names and addresses of any and all eyewitnesses to the event * * * herein". When plaintiff and the intervenors-plaintiffs failed to comply therewith defendants moved to preclude them from offering any testimonial evidence at the hearing. Special Term granted the motion to the extent only of requiring disclosure within three days after service of a copy of the order. By separate orders dated December 17, 1981, we stayed the order of Special Term upon condition that this appeal be heard at the March term of this court and stayed the hearing on the contempt motion until 10 days after the determination of this appeal. We recognize that ordinarily the names and addresses of witnesses are a proper subject of disclosure (*Hoffman v Ro-San Manor,* 73 AD2d 207; *Zayas v Morales,* 45 AD2d 610; *Auburn Extrusions v Auburn Armature,* 74 AD2d 716). This, however, is not the ordinary case. Here, it is alleged "that women who have come to Parkmed have been trailed to their homes by defendants and harassed there, and that lists of names, phone numbers and addresses of Parkmed patients have disappeared after which defendants have contacted such patients by phone or personally harassed them". By consequence, we conclude that so much of the order as required disclosure of addresses was improper. Insofar as concerns the motion to strike the record on appeal we need note only that everything contained therein is part of the filed papers. Since all filed papers are properly before the court at all times they are properly includable in the record. Concur — Kupferman, J. P., Sandler, Bloom, Fein and Asch, JJ.