OPINION OF THE COURT
Bentley Kassal, J.
ISSUE
This is a products liability action in which the alleged defective product, an auto jack, is no longer available for inspection or use as a trial exhibit. The issue is whether the defendant, Ford Motor Co. (Ford), is entitled to (1) discovery of plaintiff’s expert’s report, including his opinion and (2) an examination before trial of the expert.
FACTS
Plaintiff was injured while changing a tire on defendant Torres’ auto with an auto jack provided by Torres. Plaintiff claims the jack and the bumper were defective. The bumper (and auto) are still in existence and available but the jack was lost while in plaintiff’s trial attorney’s car trunk when his vehicle was stolen. Plaintiff asserts that he had not had an examination of the jack by an expert.
*748 DISCUSSION
Defendant’s motion is made pursuant to CPLR 3101 (subd [b], par 1) which' permits disclosure of “material prepared for litigation” if “the court finds that the material can no longer be duplicated because of a change in conditions and that withholding it will result in injustice or undue hardship”.
As interpreted in the practice commentaries, “[t]he hardship aspect usually gets a free ride if it is shown that a relevant item is unduplicable.” (Siegel, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C3101:40, p 43.) The complicating factual aspect here is that, although the specific jack is unduplicable, neither party had an opportunity to have an expert inspect the jack prior to its having been stolen. As a result, both are in the same position in not having had the benefit of its expert’s examination of the very jack involved, so that any “hardship” suffered will be borne equally by both parties.
The closest case appears to be Sucrest Corp. v Fisher Governor Co. (36 AD2d 702). However, in Sucrest (supra, p 703), unlike the case at bar, “fdjefendant has examined the objects themselves but claims they are not in the same condition as they were immediately following the explosion and that there is no way of discovering what they were like when they were examined by plaintiff’s experts.” (Emphasis added.)
Neither counsel has presented the court with any legal precedents with a fact pattern similar to the one herein. Thus, it is necessary to consider the general principles of disclosure and the public policy considerations relating to material prepared for litigation.
A guide as to the liberal direction taken by the appellate courts is found in Zayas v Morales (45 AD2d 610), where the court expanded the rule as to disclosure of eyewitnesses to include notice witnesses. In essence, the scope of the rule was increased so as not to “disregard its rationale and purpose to effect Tull disclosure of all material and necessary evidence’ ” (supra, p 612). Associate Justice Irwin J. Shapiro, for the majority, stated (at p 613), “[t]he purpose of litigation is to achieve a just result and not to spring a *749 surprise on one’s adversary. That purpose can only be hindered — not served — by failing to make proper disclosure of matters material and necessary to the prosecution or defense of an action * * * ‘regardless of the burden of proof’ ”.
DECISION
Apparently, plaintiff is proceeding to prepare his case based upon a similar or identical jack. Thus, to avoid surprise, plaintiff is directed, within 30 days after the service of a copy of the order to be settled herein, to advise defendants in writing of the exact name, model and serial number, if any, of the jack being relied upon. This will enable Ford to examine a model of the jack which will be the basis for plaintiff’s proof in this regard. The production of this information will be the first step in reconstructing the basis for plaintiff’s claim — namely, what type of jack is the one allegedly used?
The next step will be the pinpointing of the claimed defect, whether it be design, strict products liability or a defective part. There must be a direction that plaintiff will be taking herein. Obviously, the defendants cannot defend this action and prepare to protect against every possible contingency or permutation of claim in the abstract.
How do we “achieve a just result” and avoid surprising defendants, without being unfair to plaintiff?
First, if the plaintiff has a similar or identical jack, which it intends to use in any manner in evidence, the same shall be made available for discovery and inspection under CPLR 3120, which will enable Ford to have its own expert examine the same jack.
Second, plaintiff’s expert who examined the substitute jack shall furnish Ford with his report to the extent of setting forth the reasons for choosing this similar jack, any differences he perceived between it and the stolen jack, and the manner in which the expert developed his hypothetical proof using the substitute jack (i.e., precisely what he has done to/with the jack). In short, the expert’s entire report, other than his opinion concerning the defects in the jack, is to be produced, in addition to the information just specified.
*750 Ford has indicated that it would not require an examination before trial of plaintiff’s expert under these circumstances. Should plaintiff fail to comply with this portion of my order, Ford may seek leave to depose plaintiff’s expert as a nonparty witness.
For these reasons, I hold that Ford is entitled to (1) notice of the name, model and serial number of the jack being relied upon by plaintiff, to be supplied, as directed, within 30 days after service of a copy of the order to be settled herein, (2) discovery of plaintiff’s expert’s report, with the opinion deleted, but containing the additional information specified hereinabove as to why this jack was selected and examined by plaintiff’s expert, and (3) discovery and inspection of the substitute jack. As directed, the substitute jack itself and expert’s report are to be made available to Ford within 60 days after service of a copy of an order to be entered herein, with notice of entry.