■ MICHAEL HUGHES et al., Respondents, v FRANCIS ELIAS, Appellant.—In a negligence action to recover damages for personal injuries, the defendant appeals, as limited by his brief, from so much of a judgment of the Supreme Court, Kings County (Hurowitz, J.), dated March 8, 1985, as, upon a jury verdict, is against him and in favor of the plaintiffs on the issue of liability.

Judgment reversed insofar as appealed from, on the law and as an exercise of discretion in the interest of justice, with costs, and new trial granted, with costs to abide the event.

In the early morning hours of September 29, 1975, a radio motor patrol car, in which Police Officer Hughes was the driver and Police Officer Munna was the recorder, was struck by a vehicle owned by the defendant Francis Elias. The driver of the defendant's car fled the scene of the accident without

having been seen by either of the plaintiff officers. As a result, the driver of the car remains unknown.

The defendant was awakened at his house by police officers later that night and was asked to accompany them to the precinct house. The defendant testified that when he walked outside with the officers, he realized that his car was no longer in the spot where he had parked it. He informed the officers that his car must have been stolen. Upon arriving at the precinct, the defendant saw his car parked in the precinct lot. The defendant was shown a set of car keys by a police lieutenant, but did not recognize them as his keys as they did not have the "GM" logo imprinted on them.

The plaintiff police officers commenced this action against the defendant to recover for personal injuries sustained in the collision, claiming that the defendant's car was negligently driven. The plaintiffs' theory at trial was that the defendant was liable either because he or someone with his express or implied permission was driving his car at the time of the accident, or that he violated, *inter alia*, Vehicle and Traffic Law § 1210 (a) in that he left keys in plain view in an unattended car. The defendant's theory was that his car had been stolen at the time of the collision, and, as a result, he could not be held liable for its alleged negligent operation.

Prior to trial a precalendar conference was held before Justice Vaccaro, at which time it was ordered that the parties "exchange names and addresses of witnesses, party statements and photos". No names were supplied to the defendant pursuant to this order. At trial, Matthew Wedlock was called to testify on behalf of the plaintiffs. In essence, Wedlock testified that he was a police officer who was off duty at the time of the collision, and happened upon the scene shortly after the occurrence. He went over to the defendant's then-unoccupied car, observed that the door was open, the engine was running, and keys were in the ignition. He observed no indication of forced entry into the defendant's car. He shut the ignition and removed the keys. It may be inferred that Officer Wedlock gave the keys to one of the responding officers at the scene, as the keys were in the custody of the police later that night when the defendant was brought to the precinct; however, there was no direct testimony to that effect. Wedlock did not prepare any reports relating to the incident as he was not on duty at the time. None of the police reports produced at trial contained mention of the car keys.

Immediately following Officer Wedlock's testimony, the de-

fense moved to strike his testimony in its entirety on the ground that the plaintiffs had failed to disclose the officer's name prior to trial, pursuant to the pretrial order of Justice Vaccaro. The motion was denied. At the conclusion of the evidence, the jury returned a verdict finding the defendant 100% liable for the collision. Trial Term stayed the damages portion of the trial pending the defendant's appeal to this court on the finding of liability. The specific issue before us concerns whether the plaintiffs had an obligation to disclose Officer Wedlock's name prior to trial. We agree with the defendant's contention that he was entitled to such disclosure and we therefore find that a new trial would be in the interest of justice.

Pursuant to CPLR 3101 (a), "[t]here shall be full disclosure of all evidence material and necessary in the prosecution or defense of an action, regardless of the burden of proof". This statute has been interpreted most liberally in favor of disclosure "of any facts bearing on the controversy" *(Allen v Crowell-Collier Pub. Co.,* 21 NY2d 403, 406). Thus, disclosure of the names of the eyewitnesses to the occurrence *(Zellman v Metropolitan Transp. Auth.,* 40 AD2d 248), notice witnesses to a defective condition *(Zayas v Morales,* 45 AD2d 610), and admission witnesses *(Wolf v Davis,* 108 Misc 2d 19), have been held to fall within the scope of CPLR 3101 (a) disclosure. It has been held that a party is entitled to disclosure of the names of witnesses who possess "vital information which bears on the liability issue, and which is material and necessary" *(Wolf v Davis, supra,* p 21).

In the matter before us, the jury was entitled to find the defendant liable if they found that he had left car keys in plain view in his unattended car. Officer Wedlock's testimony was the sole evidence presented at trial to the effect that car keys were found in the ignition, and thus, in plain view, in the defendant's unattended car. His testimony was therefore material, as he witnessed " 'first hand [an] element that reflects on the liability issue in the case' " *(Zayas v Morales, supra,* p 613). We, therefore, find that the plaintiffs had an obligation to disclose the officer's name prior to trial.

In the interest of justice, we find that a new trial is warranted. There is, however, no reason to preclude Officer Wedlock's testimony at the new trial as the defendant can no longer claim surprise as to a witness having knowledge of material evidence, nor can he claim lack of opportunity to prepare a responsive defense. Mollen, P. J., Lawrence, Kunzeman and Kooper, JJ., concur.