■ Jan Skowronski, Appellant, v F & J Meat Packers, Inc., Respondent. [620 NYS2d 440] —In an action to recover damages for personal injuries, the plaintiff appeals from a judgment of the Supreme Court, Kings County (Vinik, J.), entered December 23, 1992, which, upon a jury verdict, is in

favor of the defendant on the issue of liability dismissing the complaint.

Ordered that the judgment is reversed, on the law, and a new trial is granted, with costs to abide the event.

The plaintiff allegedly sustained injuries to his arm when he tripped and fell in a hole in the floor of the defendant's store. Before the trial, the defendant did not disclose the identity of a store manager who had spoken to the plaintiff immediately after the incident occurred. At the trial, the manager testified that he observed the area of the plaintiff's fall and did not see any holes. The plaintiff objected to the testimony on the ground that the defendant had not provided the witness's name and address. The trial court overruled the objection.

Pursuant to CPLR 3101 (a), "[t]here shall be full disclosure of all evidence material and necessary in the prosecution or defense of an action, regardless of the burden of proof". Disclosure of witnesses whose testimony relates to whether a defendant had notice of a defective condition falls within the scope of disclosure under CPLR 3101 (a) *(see, Zayas v Morales, 45 AD2d 610)*.

Here, the witness in question was a notice witness, whose testimony related to "the existence of a defective condition which was allegedly the competent producing cause of an accident" *(Zayas v Morales, supra,* at 612). The defendant therefore had an obligation to disclose the witness's name prior to trial.

Under the circumstances, a new trial is warranted *(see, Hughes v Elias,* 120 AD2d 703, 705). However, there is no reason to preclude the witness's testimony at the new trial, as the plaintiff can no longer claim either surprise as to the witness or lack of opportunity to prepare a responsive defense *(see, Hughes v Elias, supra)*.

For the purposes of retrial, we note that the trial court also erred in allowing testimony concerning damages during the trial on the issue of liability. Because the court ultimately ordered the improper testimony stricken, however, reversal would not have been warranted on this ground alone *(see, Fischl v Carbone,* 155 AD2d 516). Balletta, J. P., O'Brien, Copertino and Pizzuto, JJ., concur.