■ DARRYL CULBERT, an Infant, by His Mother and Natural Guardian, LATANYA CULBERT, et al., Appellants, v CITY OF NEW YORK et al., Respondents. [679 NYS2d 148] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Queens County (Lerner, J.), dated June 4, 1997, as denied those branches of their motion which were to compel disclosure with respect to items numbered 1, 2, 6, 7, and 10 of their notice for discovery and inspection dated January 15, 1996, to the extent those items sought information about students other than the infant plaintiff and granted those branches of the defendants' cross motion which were for a

protective order with respect to those items to the extent those items sought information about students other than the infant plaintiff.

Ordered that the order is modified, on the law and as a matter of discretion, by (1) deleting the provisions thereof denying those branches of the plaintiffs' motion which were to compel disclosure with respect to items numbered 1 and 2 to the extent those items sought information regarding students other than the infant plaintiff and granting those branches of the defendants' cross motion which were for a protective order with respect to those items, and substituting therefor provisions granting those branches of the motion in their entirety and denying those branches of the cross motion, (2) deleting the provisions thereof denying that branch of the plaintiffs' motion which was to compel disclosure with respect to item numbered 6 to the extent that item sought information regarding students other than the infant plaintiff and granting that branch of the defendants' cross motion which was for a protective order with respect to that item, and substituting therefor a provision granting that branch of the motion to the extent of directing disclosure only of any written report of the incident in question prepared by the defendants in the regular course of business, and denying that branch of the cross motion to the above extent, and (3) deleting the provisions thereof denying that branch of the plaintiffs' motion which was to compel disclosure with respect to item numbered 7 to the extent that item sought information regarding students other than the infant plaintiff and granting that branch of the defendants' cross motion which was for a protective order with respect to that item, and substituting therefor a provision granting that branch of the motion to the extent of directing disclosure only of reports of incidents involving violent behavior in the one-year period prior to the incident in question, after in camera review by the court and redaction of any confidential or privileged material and denying that branch of the cross motion to the above extent; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements, and the matter is remitted to the Supreme Court, Queens County, for further proceedings consistent herewith.

The instant action was commenced to recover damages for injuries sustained by the infant plaintiff at school, when he was allegedly sexually assaulted by a fellow student in a restroom. At issue here is whether the plaintiffs are entitled to disclosure of material demanded in items numbered 1, 2, 6, 7, and 10 of their notice for discovery and inspection dated January 15, 1996.

The plaintiffs demanded, in item numbered 1, "the name and address of each person claimed to be a witness to any occurrence alleged in the complaint", in item numbered 2, any statements taken from the infant plaintiff himself, in item number 6, "[a]ny written report of the events leading to plaintiff's injury prepared in the regular course of * * * business", in item numbered 7, "[c]opies of all records and/or reports of any prior incidents" in the one-year period prior to the incident in question, and in item number 10, the school records of another named student.

At issue here is whether disclosure of this material is barred by 20 USC § 1232g, commonly known as the "Buckley Amendment", which directs the Federal Government to withhold funds from educational institutions which permit disclosure of "education records" without complying with its provisions. The Supreme Court found that the Buckley Amendment applied to each of these items.

"Education records" are defined in 20 USC § 1232g as "information directly related to a student" maintained by the educational institution or its agent (20 USC § 1232g [a] [4] [A] [i]; 34 CFR 99.3). The Buckley Amendment was intended to protect records relating to an individual student's performance (*see, Red & Black Publ. Co. v Board of Regents,* 262 Ga 848, 427 SE2d 257; *Bauer v Kincaid,* 759 F Supp 575, 589), without a demonstrated need for disclosure (*see, Rios v Read,* 73 FRD 589). It does not apply to records compiled to "[m]aintain the physical security and safety of the agency or institution" (34 CFR 99.8 [a] [1] [ii]; 99.3).

The material demanded in items numbered 1, 2, 6, and 7 of the plaintiffs' notice for discovery and inspection do not fall within the definition of "education records" contained in the Buckley Amendment itself. Accordingly, denial of disclosure based upon that provision was improper.

A party is generally entitled to disclosure of the names and addresses of witnesses and to his or her own statements (*see,* CPLR 3101 [g]; *Skowronski v F & J Meat Packers,* 210 AD2d 392; *Zayas v Morales,* 45 AD2d 610). Therefore, the Supreme Court should have directed disclosure of all the material demanded in items numbered 1 and 2.

With respect to the material demanded in item numbered 6, the plaintiffs are entitled to disclosure of any written reports of the incident in question prepared by the defendants in the regular course of business (*see,* CPLR 3101 [g]). Accordingly, the defendants are directed to disclose the contents of any such report. To the extent that the language of item numbered 6

may be interpreted to include other reports of other unspecified events, it is overbroad.

With respect to the material demanded in item numbered 7, reports of prior incidents involving violent behavior may be material and necessary to determine whether school officials had actual or constructive notice of similar conduct, which could constitute a basis for imposing liability (*see, Mirand v City of New York*, 84 NY2d 44, 49; *Coan v Long Is. R. R.*, 246 AD2d 569). However, to the extent that the language of item numbered 7 may be interpreted to include reports of any and all incidents, it is overbroad. Further, since reports of prior violent incidents may include information which is deemed confidential pursuant to provisions other than the Buckley Amendment (*see, e.g.*, Civil Rights Law § 50-b [right of privacy, victims of sex offenses]), those reports are to be examined by the Supreme Court in camera and the confidential matter redacted prior to disclosure.

Nowhere in the plaintiffs' motion papers have they explained why disclosure of the school records of the infant plaintiff's fellow student is material and necessary to their litigation. Accordingly, disclosure of the material demanded in item numbered 10 was properly denied. Mangano, P. J., Joy, Friedmann and Goldstein, JJ., concur.