■ KEVIN HUNTER, Respondent, v RICHARD TRYZBINSKI, Appellant. [719 NYS2d 422] —Judgment unanimously reversed on the law with costs and new trial granted. Memorandum: On appeal from a judgment awarding plaintiff $85,000 following a stipulation of liability and a trial on damages only, defendant contends that Supreme Court erred in precluding him from calling as a witness plaintiff's treating physician, Dr. Bernstein. Dr. Bernstein's testimony was precluded based on the fact that defendant had failed to provide plaintiff with Dr. Bernstein's name and address. Defendant further contends that the court erred in precluding him from presenting the testimony of his IME physician, Dr. Cowan, based on defendant's failure to provide the name and address of that witness and to furnish the physician's qualifications as part of expert disclosure.

We conclude that the court abused its discretion in precluding defendant from calling plaintiff's treating physician as a witness when it became apparent that plaintiff would not be calling him. Although the CPLR does not specifically mention the names and addresses of witnesses or create any disclosure device for obtaining such information, it is within a court's discretion to require a party to disclose the names and addresses of witnesses to transactions, occurrences, admissions and the like (*see, Hughes v Elias,* 120 AD2d 703, 705; *see, e.g., Parsons v Borden, Inc.,* 273 AD2d 749; *Culbert v City of New York,* 254 AD2d 385, 387; *Humiston v Rochester Inst. of Technology,* 195 AD2d 961, 962-963). However, nothing in CPLR article 31 requires a party to generate a witness list per se. As with any other disclosure obligation, a party's compliance or

noncompliance must be gauged with reference to the purposes of disclosure, which are to sharpen factual issues, advance the truth-finding process, accelerate the disposition of suits, and prevent gamesmanship and unfair surprise at trial (*see, Allen v Crowell-Collier Publ. Co.,* 21 NY2d 403, 406; *Rios v Donovan,* 21 AD2d 409, 411). Thus, a party may reasonably be required to disclose the name and address of a witness whose identity it has learned in investigating a case but of whom the opposing party is ignorant. There is no basis, however, for requiring defendant to disclose to plaintiff the name and address of plaintiff's own treating physician, whose identity plaintiff necessarily must know himself (*cf., Burton v New York City Hous. Auth.,* 191 AD2d 669, 671; *Locastro v Horn,* 138 AD2d 358, 359; *DeJesus v Finnegan,* 137 AD2d 649, 649-650) and which information defendant would not know but for plaintiff's prior disclosure to defendant.

We further conclude that the court abused its discretion in precluding defendant from presenting the testimony of Dr. Cowan based on defendant's failure to furnish Dr. Cowan's name and address to plaintiff. As noted, a party has no obligation to generate a witness list per se. The name and address of Dr. Cowan were contained in his report, which had been served on plaintiff (*cf., Rook v 60 Key Centre,* 239 AD2d 926, 927), and thus there was no failure to disclose the information.

With respect to the court's alternative basis for preclusion, i.e., defendant's failure to disclose Dr. Cowan's qualifications along with the other expert disclosure materials (*see,* CPLR 3101 [d] [1] [i]), we note that plaintiff specifically disclaims that as a basis for upholding the ruling. In any event, because there must be a new trial, defendant will have a further opportunity to provide plaintiff with the qualifications of Dr. Cowan (*cf., Hughes v Elias, supra,* at 705). (Appeal from Judgment of Supreme Court, Erie County, Glownia, J.—Damages.) Present—Green, J. P., Hayes, Hurlbutt, Kehoe and Balio, JJ.