JENNIFER CRUZ, Appellant, v BRENTWOOD UNION FREE SCHOOL DISTRICT, Respondent. [897 NYS2d 499]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Suffolk County (Sweeney, J.), dated March 6, 2009, as granted her motion to strike the defendant's answer for failure to comply with certain discovery demands only to the extent of limiting the scope of those demands and directing the defendant to comply with the demands as so limited.

Ordered that the order is affirmed insofar as appealed from, with costs.

"While CPLR 3101 (a) provides for full disclosure of all evidence material and necessary to the prosecution or defense of an action, unlimited disclosure is not required, and supervision of disclosure is generally left to the trial court's broad discretion" (*Blagrove v Cox*, 294 AD2d 526 [2002]; *see Palermo Mason Constr. v Aark Holding Corp.*, 300 AD2d 460, 461 [2002]). Contrary to the plaintiff's contention, the Supreme Court did not improvidently exercise its discretion in directing the defendant to produce reports concerning violent behavior by students at the school where the subject altercation occurred for the one-year period of time prior to the altercation, and in directing the defendant to produce documents with respect to security measures employed specifically for the supervision of students in its hallways or while changing classes, rather than its entire security plan (*see Mirand v City of New York*, 84 NY2d 44, 49 [1994]; *McLeod v City of New York*, 32 AD3d 907, 908 [2006]; *Whitfield v Board of Educ. of City of Mount Vernon*, 14 AD3d 552, 552-553 [2005]; *Culbert v City of New York*, 254 AD2d 385, 387-388 [1998]). With regard to the plaintiff's demands for student records, photographs, and videotapes, the school records of the students involved in the altercation were submitted to the court for in camera review as directed by a preliminary

conference order, and defense counsel affirmed that the defendant did not possess any photographs or videotapes beyond those already provided to the plaintiff.

The plaintiff's remaining contentions are without merit. Mastro, J.P., Santucci, Dickerson, Belen and Austin, JJ., concur.