OPINION OF THE COURT
Michael L. Weisberg, J.
This holdover summary eviction proceeding is premised on the allegation that respondent is not using her rent-stabilized apartment as her primary residence. Petitioner’s notice of non-renewal contains the following allegations:
“Upon information and belief, you are no longer living in the subject apartment, but instead, you are maintaining your primary residence in other housing accommodations at an address which is unknown to the Landlord;
“Upon information and belief, you have moved out of the subject apartment, and you are living in other housing accommodations at an address which is unknown to the Landlord;
“The building staff has advised the Landlord that they have not seen you in the subject premises for some time;
“Upon information and belief, a man named Raoui Lassoued is using and occupying the subject apartment, and you are not simultaneously occupying the subject apartment with him;
“Upon information and belief, Raoui Lassoued has been subletting the subject apartment from you for some time;
“The building staff has advised the Landlord that they observe a man named Raoui Lassoued going in and out of the subject premises on a regular basis;
“Upon information and belief, you advertise your apartment on at least three (3) different websites as available for sublet, and your website advertisements list your name, Karina, as the person to contact to sublet your apartment, and list your telephone number, (xxx) xxx-6724, as the number to call about a sublet.
“You are not seen on a regular basis in the subject building occupying the subject apartment as your primary or principal place of residence, and you have not maintained an ongoing substantial physi *994 cal nexus with the subject apartment for actual living purposes. Further, upon information and belief, you have failed to spend more than 183 days out of the preceding year residing in the premises; and “In addition, upon information and belief, the subject apartment is being occupied by a man named Raoui Lassoued, absent your simultaneous occupancy, which further indicates that you do not occupy the subject apartment as your primary residence.”
Petitioner moved for leave to conduct discovery and for an order directing payment of use and occupancy. Respondent Karina Constantin cross-moved for discovery. Respondent has subsequently moved to dismiss the petition, arguing that the notice lacks sufficient facts, and for an award of attorney’s fees. The motions are consolidated for disposition.
A notice of nonrenewal alleging nonprimary residence must “state . . . the facts necessary to establish the existence of such ground” (Rent Stabilization Code [9 NYCRR] § 2524.2 [b]; see Berkeley Assoc. Co. v Camlakides, 173 AD2d 193 [1st Dept 1991], affd for reasons stated below 78 NY2d 1098 [1991]). A satisfactory notice must include “case-specific allegations” that support a claim of nonprimary residence (see e.g. Second 82nd Corp. v Veiders, 34 Misc 3d 130[A], 2011 NY Slip Op 52311 [U], *1 [App Term, 1st Dept 2011]). In London Terrace Gardens, L.P. v Heller (40 Misc 3d 135[A], 2009 NY Slip Op 52858[U], *1 [App Term, 1st Dept 2009]), the Appellate Term considered the sufficiency of a notice that alleged:
“th[e] tenant has not ‘maintained an ongoing, substantial, physical nexus with the . . . premises for actual living purposes’; th[e] tenant has ‘failed to spend more than 183 days out of the preceding year residing at the premises, as confirmed and substantiated’ by unidentified building employees; and ‘[n]o building personnel [have] seen [tenant] at the subject premises for [more than] one year.’ ”
The court affirmed dismissal of the petition, holding that “[i]n such unparticularized form, the termination notice was too generic and conclusory to satisfy” the requirement that it set forth the facts necessary to establish the existence of a claim of nonprimary residence (id.).
One may question the necessity of requiring case-specific facts in a case based on alleged nonprimary residence. After all, the tenant doubtlessly knows whether or not she is using *995 her apartment as her primary residence. But the Appellate Term has stated that the purpose of requiring facts in a predicate notice is “to discourage baseless eviction claims founded upon speculation and surmise, rather than concrete facts” (London Terrace Gardens, L.P., 2009 NY Slip Op 52858[U], *1). Upholding a notice like that in London Terrace would “eviscerate the plain language of the governing notice regulation” (id.).
Petitioner’s notice contains nearly the same generic and conclusory boilerplate claims as the notice in London Terrace. But petitioner’s notice includes two additional allegations made “upon information and belief”: (1) an individual named Raoui Lassoued lives in the apartment and has been seen going in and out of the apartment; and (2) respondent has advertised her apartment as available for subletting on three websites, with the advertisements listing her name and telephone number. These allegations are case-specific. But the question for the court is whether they are sufficiently case-specific and whether they are enough to render the notice satisfactory.
As is often the case with any predicate notice or pleading, petitioner could have included more details in its allegations with little effort and no prejudice. “The purpose of litigation is to achieve a just result and not to spring a surprise on one’s adversary” (Zayas v Morales, 45 AD2d 610, 613 [2d Dept 1974]). In the light thereof, and especially in proceedings where parties regularly challenge the sufficiency of predicate notices, a party might tactically choose to include more facts instead of less to decrease the likelihood of dismissal, even if the notice might be satisfactory if less facts were included. Here, for example, with respect to the three websites containing advertisements for the sublet of the apartment, petitioner could have listed the URL for each of the websites and even gone so far as to annex printed copies of the advertisement to its notice. Regarding the allegations that Lassoued has been living in the apartment for “some time” and respondent has not been seen in “some time,” petitioner could have provided a more specific timeframe or chronology as to respondent’s absence and Lassoued’s residence. Also lacking are facts as to specifically who made the observations that yielded these conclusions and what those observations were.
Interestingly, petitioner’s opposition to the motion includes an affidavit from a member of the LLC who claims that he is at the building “on almost a daily basis” and “did not observe *996 the Respondent going in and out of the” apartment. This allegation is deficient in that it provides no time frame or duration, and fails to indicate whether there was ever a time when he did see respondent going in and out of her apartment (i.e., if he never observed respondent going in and out of the apartment, even during a time when petitioner does not believe she was not using it as her primary residence, then the value of the observation is lessened). But at least it has the benefit of specifically stating on whose observations petitioner is basing its claim. The predicate notice, on the other hand, contains allegations that are made “upon information and belief” and vague references to unspecified “building staff.” The court is left wondering why the predicate notice did not simply state that it was the affiant himself who has made the observations.
The court recognizes that a landlord will ordinarily be limited with respect to how many allegations it will be able to set forth in a predicate notice and how specific those allegations can be. Much of the evidence in support of or in opposition to a claim of nonprimary residence will usually be in the exclusive possession of the tenant. Because of that, landlords are regularly granted leave to conduct discovery in these cases. Nonetheless, one lesson of London Terrace is that cases must be commenced based on concrete facts, not speculation or surmise. Before a landlord can commence a case based on nonprimary residence it must therefore be able to allege a threshold level of case-specific facts. This may require a landlord to undertake a certain amount of investigation on its own, before it can come to court and discover more evidence pursuant to a court order. To do otherwise risks dismissal.
Here, petitioner’s notice contains nearly all boilerplate allegations that are not case-specific. Even with the additional allegations as to the name of an individual alleged to be living in the apartment and respondent’s advertisements for a sublet in the apartment, the notice is closer to one comprising speculation and surmise than one made of concrete facts. The allegations regarding respondent’s absence are not specific, especially with respect to the time frame (“some time”), nor are there any allegations connecting respondent’s absence with the presence of Lassoued. And no specifics were provided with respect to the alleged Internet advertisements. Advertising for a sublet does not mean that the apartment has been sublet. And a tenant’s subletting of her apartment is only one factor that might indicate she is not using the apartment as her primary residence.
*997 In this case, petitioner’s inclusion of a couple of case-specific allegations amongst a sea of boilerplate is not enough. But it is not simply the quantity of case-specific allegations that yields this conclusion. After all, a notice of nonrenewal will pass muster if it simply specifies an alternate address at which the tenant is supposedly residing and the facts to support that claim (see e.g. Second 82nd Corp., 2011 NY Slip Op 52311[U] [notice alleged specific street address of alternate residence and identified telephone number at that address]; 449 Second Corp. v Napoli, 12 Misc 3d 135[A], 2006 NY Slip Op 51225[U] [App Term, 1st Dept 2006] [notice alleged two specific street addresses of alternate residences and identified utility, telephone, and car-related documents issued to tenant listing those addresses]). It is the failure to string together sufficient case-specific allegations resulting in a concrete claim of nonprimary residence. The link between the existence of Lassoued and some unspecified Internet listing is too tenuous. The notice treads too far into the realm of speculation.
That portion of respondent’s motion seeking dismissal of the petition is granted. That portion of the motion seeking an award of attorney’s fees is denied because respondent is not the prevailing party, inasmuch as this is not a disposition on the merits, and because no lease showing the respondent is otherwise entitled to fees is attached to the motion. Both parties’ motions for discovery are denied as moot.