M.C. v City of New York (2019 NY Slip Op 04372)





M.C. v City of New York


2019 NY Slip Op 04372


Decided on June 5, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 5, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
COLLEEN D. DUFFY
BETSY BARROS
ANGELA G. IANNACCI, JJ.


2018-04534
 (Index No. 510736/16)

[*1]M.C., etc., et al., appellants, 
v
City of New York, et al., respondents, et al., defendants.


Law Offices of John P. Grill, P.C., Carmel, NY, for appellants.
Zachary W. Carter, Corporation Counsel, New York, NY (Fay Ng and Diana Lawless of counsel), for respondents.



DECISION & ORDER
In an action, inter alia, to recover damages for negligent supervision, the plaintiffs appeal from an order of the Supreme Court, Kings County (Lawrence Knipel, J.), dated March 15, 2018. The order granted the motion of the defendants City of New York and New York City Education Department pursuant to CPLR 3104(d) to review and vacate an order of the same court (Martin Schneier, J.H.O.) dated December 20, 2017, to the extent of vacating the provision directing those defendants to provide "DOE records regarding assaults that occurred on school grounds for one year before the incident," and substituting a provision directing those defendants to provide only records pertaining to "assaults of a sexual nature" and "all assaults of any nature between" the plaintiff M.C. and a student alleged to have sexually assaulted that plaintiff.
ORDERED that the order dated March 15, 2018, is reversed, on the law, with costs, and the motion of the defendants City of New York and New York City Education Department pursuant to CPLR 3104(d) to review and vacate the order dated December 20, 2017, is denied.
On February 10, 2016, the infant plaintiff allegedly was sexually assaulted by another student in a stairwell at the High School for Youth and Community Development in Brooklyn. The infant plaintiff, by her mother and natural guardian, and her mother, individually (hereinafter together the plaintiffs), commenced this action against, among others, the City of New York and the New York City Education Department (hereinafter together the defendants), inter alia, to recover damages for negligent supervision. In an order dated December 20, 2017, the Supreme Court directed the defendants to, among other things, provide "DOE records regarding assaults that occurred on school grounds for one year before the incident." Thereafter, the defendants moved pursuant to CPLR 3104(d) to review and vacate the order dated December 20, 2017. In an order dated March 15, 2018, the court granted the defendants' motion to the extent of vacating the provision in the order dated December 20, 2017, directing the defendants to provide "DOE records regarding assaults that occurred on school grounds for one year before the incident," and substituting therefor a provision directing the defendants to provide only records pertaining to "assaults of a sexual nature" and "all assaults of any nature between" the infant plaintiff and the student alleged to have sexually assaulted the infant plaintiff.
Pursuant to CPLR 3101(a), "[t]here shall be full disclosure of all matter material and necessary in the prosecution . . . of an action." The words "material and necessary" are to be interpreted liberally to require disclosure, upon request, of any facts bearing on the controversy which will assist preparation for trial (McAlwee v Westchester Health Assoc., PLLC, 163 AD3d 547, 548; see Allen v Crowell-Collier Publ. Co., 21 NY2d 403, 406). " The supervision of disclosure and the setting of reasonable terms and conditions therefor rests within the sound discretion of the trial court and, absent an improvident exercise of that discretion, its determination will not be disturbed'" (McAlwee v Westchester Health Assoc., PLLC, 163 AD3d at 548, quoting Berkowitz v 29 Woodmere Blvd. Owners', Inc., 135 AD3d 798, 799).
Further, in determining whether the duty of a school to provide adequate supervision was breached in the context of injuries caused by the acts of fellow students, " it must be established that school authorities had sufficiently specific knowledge or notice of the dangerous conduct which caused injury; that is, that the third-party acts could reasonably have been anticipated'" (Gaston v East Ramapo Cent. Sch. Dist., 165 AD3d 761, 762, quoting Mirand v City of New York, 84 NY2d 44, 49). "Actual or constructive notice to the school of prior similar conduct generally is required" (Gaston v East Ramapo Cent. Sch. Dist., 165 AD3d at 762). Thus, reports of prior incidents at a school may be material and necessary to determine whether school officials had actual or constructive notice of conduct similar to the subject incident (see Culbert v City of New York, 254 AD2d 385, 388).
We disagree with the Supreme Court's determination that the defendants were only required to provide records pertaining to "assaults of a sexual nature" and "all assaults of any nature between" the infant plaintiff and the student alleged to have sexually assaulted the infant plaintiff. Evidence of prior assaults at the school, particularly any assaults in the stairwell where the subject incident occurred, may be sufficient to establish that the defendants had actual or constructive notice of conduct similar to the subject incident (see Doe v Department of Educ. of City of New York, 54 AD3d 352, 353-354). Moreover, evidence of any prior assaults perpetuated by the offending student against students other than the infant plaintiff may be sufficient to establish that the defendants had actual or constructive notice of the offending student's dangerous propensities (see Gaston v East Ramapo Cent. Sch. Dist., 165 AD3d at 763). Accordingly, the court should have denied the defendants' motion to review and vacate the order dated December 20, 2017.
Although the parties raise arguments regarding the plaintiffs' cross motion for leave to reargue their prior motion pursuant to CPLR 3126 to strike the defendants' answer, the Supreme Court did not decide that cross motion, and it remains pending and undecided (see Katz v Katz, 68 AD2d 536, 542-543).
LEVENTHAL, J.P., DUFFY, BARROS and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court